**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **JUXTACOMM-TEXAS SOFTWARE, LLC,** | CIVIL ACTION NO. 6:10-cv-00011-LED |
| **PLAINTIFF** | JURY DEMANDED |
| **vs.** | |
| **AXWAY, INC., ET AL,** | |
| **DEFENDANTS** | |

**DEFENDANTS LAWSON SOFTWARE, INC. AND LAWSON SOFTWARE
AMERICAS, INC.'S SECOND AMENDED ANSWER TO JUXTACOMM-TEXAS
SOFTWARE, LLC'S FIRST AMENDED COMPLAINT AND COUNTERCLAIMS**

Defendants Lawson Software, Inc. and Lawson Software Americas, Inc. (collectively, "Lawson") answer the allegations of plaintiff JuxtaComm-Texas Software, LLC's ("JuxtaComm") First Amended Complaint for Patent Infringement ("First Amended Complaint") as follows:

**THE PARTIES**

1.      Lawson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and therefore denies them.

2.      Lawson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2, and therefore denies them.

3.      Lawson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3, and therefore denies them.

4.      Lawson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4, and therefore denies them.

5.      Lawson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5, and therefore denies them.

6.      Lawson admits that Lawson Software, Inc. is a Delaware corporation and its principal place of business is located at 380 St. Peter Street, St. Paul, Minnesota 55102, and that its agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

7.      Lawson admits that Lawson Software Americas, Inc. is a Delaware corporation and its principal place of business is located at 380 St. Peter Street, St. Paul, Minnesota 55102, and that its agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

8.      Lawson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8, and therefore denies them.

9.      Lawson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9, and therefore denies them.

10.      Lawson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10, and therefore denies them.

11.      Lawson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11, and therefore denies them.

12.      Lawson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12, and therefore denies them.

Lawson's Second Amended Answer and Counterclaims

13.     Lawson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13, and therefore denies them.

14.     Lawson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14, and therefore denies them.

15.     Lawson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15, and therefore denies them.

16.     Lawson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16, and therefore denies them.

17.     Lawson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17, and therefore denies them.

18.     Lawson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18, and therefore denies them.

19.     Lawson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19, and therefore denies them.

20.     Lawson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20, and therefore denies them.

21.     Lawson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21, and therefore denies them.

## JURISDICTION

22.     Lawson admits that the First Amended Complaint purports to state a claim for patent infringement pursuant to 35 U.S.C. § 271 *et seq*., and that this Court has subject matter jurisdiction over such an action pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Lawson expressly denies any liability for infringement of U.S. Patent No. 6,195,662 ("the '662 patent").  Lawson

admits that this Court has personal jurisdiction over Lawson in this particular action.  Lawson denies the remaining allegations of paragraph 22 as to Lawson.  Lawson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 as to the other defendants, and therefore denies them.

**VENUE**

23.     Lawson admits that it has transacted some level of business in the State of Texas and admits that venue is proper.  However, Lawson denies that it has committed acts within this jurisdictional district giving rise to this action.  Lawson expressly denies that it has infringed the '662 patent within the State of Texas, the Eastern District of Texas, or anywhere else.  Lawson denies the remaining allegations in paragraph 23 as to Lawson.  Lawson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 as to the other defendants, and therefore denies them.

**RESPONSE TO JUXTACOMM'S ALLEGATION OF
INFRINGEMENT OF U.S. PATENT NO. 6,195,662**

24.     Lawson admits that United States Patent No. 6,195,662 ("the '662 patent") is entitled "System for Transforming and Exchanging Data Between Distributed Heterogeneous Computer Systems" and on its face purports to have been issued on February 27, 2001.  Lawson further admits that JuxtaComm purports to attach to its First Amended Complaint as Exhibit A what appears to be a copy of the '662 patent.  Lawson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24, and therefore denies them.

25.     Lawson admits JuxtaComm purports to attach to its First Amended Complaint as Exhibit B a document purporting to be from the United States Patent and Trademark Office ("USPTO").  Lawson further admits that page 3 of this document is entitled "Office Action in Ex Parte Reexamination" and identifies the patent under reexamination as the '662 patent, and that

page 15 of this document indicates a date of December 15, 2009.  Lawson denies the remaining allegations of paragraph 25.

26.     Lawson admits that public docket records reveal that a company called JuxtaComm Technologies, Inc. filed a patent infringement suit in the Eastern District of Texas, entitled *JuxtaComm Tech. Inc. v. Ascential Software Corp. et al*., Case No. 2:07-cv-00359-LED, against various defendants.  Lawson denies that it makes, uses, sells, offers to sell, or import what JuxtaComm purports to be "data integration software."   To the extent the allegations contained in paragraph 26 constitute legal conclusions, Lawson is not required to respond.  Lawson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26, and therefore denies them.

27.     Lawson denies all allegations of paragraph 27 as they relate to Lawson.  Lawson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 insofar as they relate to the activities of another defendant, and therefore denies them.

28.     Lawson denies all allegations of paragraph 28 as they relate to Lawson.  Lawson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 insofar as they relate to the activities of another defendant, and therefore denies them.

29.     Lawson denies all allegations of paragraph 29 as they relate to Lawson.  Lawson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 insofar as they relate to the activities of another defendant, and therefore denies them.

30.     Lawson denies all allegations of paragraph 30 as they relate to Lawson.  Lawson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of

Lawson's Second Amended Answer and
Counterclaims

paragraph 30 insofar as they relate to the activities of another defendant, and therefore denies them.

31.     Lawson denies all allegations of paragraph 31.

32.     Lawson denies all allegations of paragraph 32.

33.     Lawson denies all allegations of paragraph 33 as they relate to Lawson.  Lawson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 insofar as they relate to the activities of another defendant, and therefore denies them.

34.     Lawson denies all allegations of paragraph 34 as they relate to Lawson.  Lawson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 insofar as they relate to the activities of another defendant, and therefore denies them.

35.     Lawson denies all allegations of paragraph 35 as they relate to Lawson.  Lawson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 insofar as they relate to the activities of another defendant, and therefore denies them.

36.     Lawson denies all allegations of paragraph 36 as they relate to Lawson.  Lawson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 insofar as they relate to the activities of another defendant, and therefore denies them.

37.     Lawson denies all allegations of paragraph 37 as they relate to Lawson.  Lawson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of

Lawson's Second Amended Answer and
Counterclaims

paragraph 37 insofar as they relate to the activities of another defendant, and therefore denies them.

38.     Lawson denies all allegations of paragraph 38 as they relate to Lawson.  Lawson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 insofar as they relate to the activities of another defendant, and therefore denies them.

39.     Lawson denies all allegations of paragraph 39 as they relate to Lawson.  Lawson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 insofar as they relate to the activities of another defendant, and therefore denies them.

40.     Lawson denies all allegations of paragraph 40 as they relate to Lawson.  Lawson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 insofar as they relate to the activities of another defendant, and therefore denies them.

41.     Lawson denies all allegations of paragraph 41 as they relate to Lawson.  Lawson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 insofar as they relate to the activities of another defendant, and therefore denies them.

42.     Lawson denies all allegations of paragraph 42 as they relate to Lawson.  Lawson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 insofar as they relate to the activities of another defendant, and therefore denies them.

Lawson's Second Amended Answer and
Counterclaims

43.     Lawson denies all allegations of paragraph 43 as they relate to Lawson.  Lawson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 insofar as they relate to the activities of another defendant, and therefore denies them.

44.     Lawson denies all allegations of paragraph 44 as they relate to Lawson.  Lawson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 insofar as they relate to the activities of another defendant, and therefore denies them.

45.     Lawson denies all allegations of paragraph 45 as they relate to Lawson.  Lawson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 insofar as they relate to the activities of another defendant, and therefore denies them.

46.     Lawson denies all allegations of paragraph 46 as they relate to Lawson.  Lawson expressly denies it knew or should have known about the JuxtaComm I case.  Lawson further expressly denies that it has infringed the '662 patent, willfully or otherwise.  Lawson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 insofar as they relate to the activities of another defendant, and therefore denies them.

## RESPONSE TO JUXTACOMM'S PRAYER FOR RELIEF

Lawson denies that JuxtaComm is entitled to an award of any relief at all, or, to the relief sought in JuxtaComm's prayer for relief against Lawson.  JuxtaComm is not entitled to recover damages, injunctive relief, attorney's fees, costs, interest, or any other type of recovery from Lawson.  JuxtaComm's prayer should, therefore, be denied in its entirety and with prejudice, and JuxtaComm should take nothing.

Lawson's Second Amended Answer and
Counterclaims

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1.      The First Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Non-Infringement)

2.      Lawson has not infringed and does not infringe, either directly, indirectly, contributorily, or by inducement, any valid and enforceable claims of the '662 patent either literally or under the doctrine of equivalents, willfully or otherwise.

### THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

3.      The '662 patent is invalid for failure to comply with one or more of the provisions of 35 U.S.C., including but not limited to §§ 101, 102, 103, and/or 112.

### FOURTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel/Judicial Estoppel)

4.      JuxtaComm is estopped from construing the claims of the '662 patent in such a way as may cover Lawson's activities by reason of amendment, cancellation or abandonment of claim(s), and the admissions and other statements made in and to the United States Patent and Trademark Office during prosecution and/or the re-examination proceedings; prior statements made in or to any Court; prior rulings of any Court; and/or JuxtaComm and the '662 patent inventors' prior conduct.

### FIFTH AFFIRMATIVE DEFENSE
### (Estoppel, Waiver, Laches and/or Unclean Hands)

Lawson's Second Amended Answer and
Counterclaims

5.      JuxtaComm's claims against Lawson regarding the '662 patent are barred, in whole or in part, by the doctrine of estoppel, waiver, laches and/or unclean hands.

### SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mark)

6.      On information and belief, JuxtaComm is barred, or limited from, recovery in whole or in part by the failure to mark, by itself or by one or more parties licensed to practice the '662 patent, as required by 35 U.S.C. § 287.

### SEVENTH AFFIRMATIVE DEFENSE
### (Limitation of Damages)

7.      JuxtaComm's claims for damages are limited by 35 U.S.C. § 286.

### EIGHTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

8.      JuxtaComm's claims for damages are barred, in whole or in part, because JuxtaComm has failed to mitigate its alleged damages, if any.

### NINTH AFFIRMATIVE DEFENSE
### (Injunctive Relief Not Warranted)

9.      JuxtaComm is not entitled to preliminary or permanent injunctive relief because (1) JuxtaComm is not likely to prevail on the merits; (2) JuxtaComm has not suffered nor will it suffer irreparable harm because of Lawson's conduct; (3) any harm to JuxtaComm would be outweighed by the harm to Lawson if an injunction were entered; (4) JuxtaComm has an adequate remedy at law even if it were to prevail in this action; and (5) public interest would not be served by an injunction.

### TENTH AFFIRMATIVE DEFENSE
### (Limitation of Damages Under 28 U.S.C. § 1498)

Lawson's Second Amended Answer and Counterclaims

10.     JuxtaComm's claims for damages are limited under 28 U.S.C. § 1498.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Lack of Willfulness)

11.     Lawson has not willfully infringed the '662 patent.  JuxtaComm therefore cannot

recover increased damages pursuant to 35 U.S.C. § 284.

## TWELFTH AFFIRMATIVE DEFENSE
### (Exhaustion, Implied License, Double Recovery)

12.     JuxtaComm's claims are barred, in whole or in part, by exhaustion, implied

license, and/or restrictions on double recovery.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (INEQUITABLE CONDUCT)

13.     The '662 patent was filed on June 26, 1998 and prosecuted before the PTO as

SN 09/105,299.  The '662 patent claims priority to provisional application SN 60/051,052, filed

June 27, 1997.

14.     A request for ex parte reexamination of the '662 patent was filed on May 5, 2009

and subsequently granted in part by the PTO on July 31, 2009, with the reexamination

proceeding before the PTO as SN 90/010,526.

15.     During reexamination, plaintiff JuxtaComm-Texas Software, LLC and its

predecessor-in-interest JuxtaComm Technologies Inc. (collectively for this affirmative defense,

"JuxtaComm") were represented by Mr. Scott McKeown from Oblon, Spivak, McClelland,

Maier & Neustadt, L.L.P., as well as Kirt O'Neill and Harry Laxton from Akin, Gump, Strauss,

Hauer, and Field, L.L.P.

16.     JuxtaComm previously filed litigation against Ascential Software Corp. and other

defendants, *JuxtaComm Tech. Inc. v. Ascential Software Corp. et al.*, 2:07-CV-359-LED ("the

11

*Ascential* litigation"), on August 17, 2007, asserting infringement of the '662 patent.  Messrs.

O'Neill and Laxton and Akin, Gump, Strauss, Hauer, and Field, L.L.P. were litigation counsel to

JuxtaComm in the *Ascential* litigation.

17.    The '662 patent reexamination occurred concurrent with the *Ascential* litigation,

and the May 5, 2009 reexamination request filed with the PTO expressly referenced the pending

*Ascential* litigation, including stating in Section I of the request:

> The '662 Patent is currently the subject of litigation in the case styled,
> *JuxtaComm Tech. Int'l. v. Ascential Software Corp., et al.*, No. 2:07-CV-00359-
> LED, which is pending in the United States District Court for the Eastern District
> of Texas (hereinafter "the Litigation").  Requester respectfully submits that there
> are substantial new questions regarding the patentability of all claims (1-19) of the
> Patent as explained in detail below.  These substantial new questions of
> patentability are based on previously uncited, and thus unconsidered, prior art that
> renders each of these claims invalid, particularly in view of statements made by
> the Applicants (and their agents) in the Litigation.

18.    JuxtaComm's reexamination counsel Mr. McKeown and his firm Oblon, Spivak,

McClelland, Maier & Neustadt, L.L.P. were aware of the *Ascential* litigation at the time the '662

patent reexamination was pending, and Messrs. O'Neill and Laxton and Akin, Gump, Strauss,

Hauer, and Field, L.L.P. were both litigation counsel to JuxtaComm in the *Ascential* litigation

and reexamination counsel involved with the '662 patent reexamination.

19.    In the '662 patent reexamination, the PTO issued its Notice of Intent to Issue a

Reexamination Certificate on April 27, 2010 and the Reexamination Certificate on July 27, 2010.

20.    In the '662 patent reexamination, the PTO issued its initial office action on

December 16, 2009, which affirmed the patentability of claims 1–12 and 14–19, and rejected

claim 13.  In this office action, the PTO found claims 1–12 and 17–19 patentable over the

combination of The Infopump Script Language Guide (1993) ("SLG"), the Infopump Installation

Guide (1993), ("ISG"), and The Infopump Manager Guide (1993) ("MG"), stating:

Lawson's Second Amended Answer and
Counterclaims

As to **claims 1-12 and 17-19**, the combination of **MG**, **SLG**, and **ISG** does not disclose the claimed *rule set processor* in combination with the other features of the claim.  In independent **claims 1 and 17**, a *rule processor* is claimed as an element distinct from the *script processor*.  In the combination of **MG**, **SLG**, and **ISG**, the script processor would be the InfoPump server because the InfoPump server executes the scripts.  (**SLG**, Ch. 1).  Since the Idb reads on the element of the script processor, the combination of **MG**, **SLG**, and **ISG** does not disclose or suggest a distinct processor for processing the rules.  Further, the Examiner was unable to identify any suggestion in the combination for one of ordinary skill in the art to partition the InfoPump server into two processors, i.e. the script processor and the rule processor.  For at least this reason, **claims 1-12 and 17-19** are confirmed as patentable over the combination of **MG**, **SLG**, and **ISG**.

December 16, 2009 Office Action at 6 (emphasis in original).  Thus, the PTO interpreted claims 1–12 and 17–19 as requiring a "rule processor" that is "distinct from the script processor," and found the claims patentable because the combination of MG, SLG, and ISG did not disclose a distinct rule set processor.

21.    While the '662 patent was being reexamined, a number of litigation documents in the *Ascential* litigation were exchanged between the parties and/or filed with the Court, and the Court issued a number of rulings.  Those documents, filings, and rulings include:  the parties' P.R. 4-1, P.R. 4-2, P.R. 4-3, and P.R. 4-5(d) disclosures and statements related to claim construction; the parties' claim construction briefing; the February 4, 2009 transcript of the *Ascential* Markman hearing; and the Court's July 13, 2009 Memorandum Opinion and Order construing the '662 patent claims (collectively, "the *Ascential* Claim Construction Pleadings").  All of these documents were filed and served months before the PTO's December 16, 2009 Office Action.  In particular, the Court's July 13, 2009 Memorandum Opinion and Order was filed and served over five months before the PTO's December 16, 2009 initial Office Action; over nine months before the PTO's April 27, 2010 Notice of Intent to Issue a Reexamination Certificate, and over a year before the PTO's July 27, 2010 Reexamination Certificate issued for the '662 patent reexamination.

22.     In the Court's July 13, 2009 Memorandum Opinion and Order construing the '662

patent claims, the Court found that the claims did not require that the rule processor be distinct

from the script processor.   After noting that the *Ascential* defendants contended "the rule set

processor is an entirely separate component of the system" than the script processor, the Court

rejected that contention and found:

> Although the claim sets forth "script processor" and "rule set processor" as
> separate claim limitations, such a recitation does not require them to be separate
> physical components as indicated by Defendants' proposed construction.  Nothing
> in the intrinsic evidence indicates that the two processors, admitted to be software,
> cannot be folded together and implemented as a single module.  While the system
> functional diagram of Fig. 2 relied upon by Defendants shows the processors as
> separate functional blocks, the depiction does not restrict an implementation of
> the system to separate components or modules.

July 13, 2009 Memorandum Opinion and Order, at 13.  As a result, the Court construed "rule set

processor responsive to said script processor" as a "software component that processes rule sets

responsive to said script processor," and expressly found that the rule set processor did not have

to be distinct from the script processor.  *Id.*  Further, in its claim construction briefing, the

*Ascential* defendants took the position that the rule set processor was a separate component from

the script processor, whereas JuxtaComm did not take that position and disagreed that the rule set

processor and script processor were separate components.  In fact, Mr. O'Neill argued

JuxtaComm's position on this issue at the Markman hearing.  Feb. 4, 2009 *Ascential* Markman

Hearing Tr. 50–53.

23.     During the reexamination of the '662 patent, JuxtaComm and its reexamination

counsel including collectively Messrs. McKeown, O'Neill, and Laxton filed responses to PTO

Office Actions on February 16, 2010 and Information Disclosure Statements on February 2,

2010, January 27, 2010, January 14, 2010, January 8, 2010, and January 7, 2010.  Included in the

IDSs filed were numerous items of prior art, as well as some pleadings and discovery from the

14

*Ascential* litigation including prior art invalidity charts.   One of the January 14, 2010 IDS referred to "litigation materials corresponding to the patent at issue in this reexamination, styled as *Juxtacomm Technologies, Inc. v. Ascential Software Corporation*, *et al*, Civil Action No. 2:07-CV-00359-LED (E.D. Tex., Marshall Division)," and included as a line item "[c]orrespondence dated May 20, 2008 from counsel for Plaintiff to all Defendant counsel regarding claim term construction."   However, JuxtaComm's reexamination counsel Messrs. McKeown, O'Neill, and Laxton failed to submit *any* information from the *Ascential* litigation until January 2010, over five months *after* the PTO granted the request for reexamination on July 31, 2009, as well as *after* the PTO's December 16, 2009 Office Action affirming the patentability of all claims of the '662 patent except claim 13.

24.   JuxtaComm's reexamination counsel Messrs. McKeown, O'Neill, and Laxton never disclosed to the PTO during reexamination of the '662 patent any of the *Ascential* Claim Construction Pleadings including, in particular, the Court's July 13, 2009 Memorandum Opinion and Order construing the claims and holding that the claimed "script processor" and "rule set processor" do not have to be separate components.   JuxtaComm's reexamination counsel Messrs. McKeown, O'Neill, and Laxton failed to disclose this information to the PTO even though they were aware of the *Ascential* litigation and the Court's July 13, 2009 Memorandum Opinion and Order.   JuxtaComm's reexamination counsel Messrs. McKeown, O'Neill, and Laxton also failed to disclose this information even after the PTO's December 16, 2009 Office Action finding, contrary to the Court's claim construction, that a "rule processor" must be "distinct from the script processor," and finding the claims patentable because the combination of MG, SLG, and ISG did not disclose a distinct rule set processor.

Lawson's Second Amended Answer and
Counterclaims

25.     Clear and convincing evidence establishes that the *Ascential* Claim Construction Pleadings including, in particular, the Court's July 13, 2009 Memorandum Opinion and Order that was not timely disclosed and was completely withheld from the PTO, is material to the patentability of the '662 patent and was material to the earlier '662 patent reexamination.

26.     MPEP 2001.06(c), which requires prosecution counsel to submit litigation-related materials to the PTO, establishes the materiality of such materials:

> Where the subject matter for which a patent is being sought is or has been involved in litigation, the existence of such litigation and any other material information arising therefrom must be brought to the attention of the U.S. Patent and Trademark Office.  Examples of such material information include evidence of possible prior public use or sales, questions of inventorship, prior art, allegations of "fraud," "inequitable conduct," and "violation of duty of disclosure."  Another example of such material information is any assertion that is made during litigation which is contradictory to assertions made to the examiner. *Environ Prods., Inc. v. Total Containment, Inc.*, 43 USPQ2d 1288, 1291 (E.D. Pa. 1997).  Such information might arise during litigation in, for example, pleadings, admissions, discovery including interrogatories, depositions, and other documents and testimony.

27.     The Court found that the claimed "script processor" and "rule set processor" do not have to be separate components, and JuxtaComm took the position during claim construction that these components did not have to be separate.  This directly contradicted the PTO's findings during the '662 patent reexamination that these two components had to be separate components, which the PTO relied on in its December 16, 2009 Office Action when finding the claims patentable because the combination of MG, SLG, and ISG did not disclose a distinct rule set processor.   The Court's claim construction findings and JuxtaComm's claim construction position, which were broader than and contrary to the PTO's findings, establish that the *Ascential* Claim Construction Pleadings including, in particular, the Court's July 13, 2009 Memorandum Opinion and Order, were material to the patentability and reexamination of the '662 patent.

Lawson's Second Amended Answer and
Counterclaims

28.     During the '662 patent reexaminations, JuxtaComm's reexamination counsel including Messrs. McKeown, O'Neill, and Laxton collectively filed numerous IDS forms disclosing pleadings and other information from the *Ascential* litigation.   The information submitted included prior art and claim charts from the *Ascential* litigation.   Mr. McKeown also filed a response to a PTO Office Action after the service and filing of the *Ascential* Claim Construction Pleadings.   Further, Messrs. O'Neill and Laxton were also litigation counsel to JuxtaComm in the *Ascential* litigation.   These facts and the submission of this information to the PTO demonstrates that Messrs. McKeown, O'Neill, and Laxton, were aware of the *Ascential* litigation JuxtaComm's duty to submit material information from these litigations.   This also demonstrates that the failure of Messrs. McKeown, O'Neill, and Laxton to submit the *Ascential* Claim Construction Pleadings to the PTO including, in particular, their failure to notify the PTO of the Court's July 13, 2009 Memorandum Opinion and Order that contradicted the PTO's finding of patentability over the combination of MG, SLG, and ISG, was intentional.

29.     The Court's July 13, 2009 Memorandum Opinion and Order contradicted the PTO's finding of patentability over the combination of MG, SLG, and ISG, and it contained positions and arguments taken by JuxtaComm related to the scope, patentability, and validity of the '662 patent claims.   This included positions and arguments that were inconsistent with and contradicted those taken by JuxtaComm and the PTO during the '662 patent reexamination, and positions and arguments that were never raised during the '662 patent reexamination.   The *Ascential* Claim Construction Pleadings similarly contradicted positions and arguments taken by JuxtaComm related to the scope, patentability, and validity of the '662 patent claims, which were never raised during the '662 patent reexamination.   As a result, the *Ascential* Claim Construction Pleadings including, in particular, the Court's July 13, 2009 Memorandum Opinion and Order

Lawson's Second Amended Answer and
Counterclaims

were material to the patentability and reexamination of the '662 patent.  *See* MPEP 2001.05, 2001.06, and 2001.06(c).

30.     Contrary to MPEP 2001.04, 2001.05, 2001.06(c), and 37 C.F.R. § 1.56, JuxtaComm and its reexamination counsel Messrs. McKeown, O'Neill, and Laxton did not timely notify the PTO about and completely withheld from the PTO the material *Ascential* Claim Construction Pleadings related to the claim scope and patentability of the '662 patent claims.

31.     None of the material information that JuxtaComm's reexamination counsel Messrs. McKeown, O'Neill, and Laxton withheld from the PTO during the '662 patent reexamination was cumulative of other information presented to the PTO.  No substitute was presented to the PTO for the parties' claim construction briefing and positions, or the Court's July 13, 2009 Memorandum Opinion and Order expressly contradicting the PTO's findings regarding the scope of the '662 patent claims and patentability of claims 1–12 and 17–19 over the combination of MG, SLG, and ISG, while adopting many of JuxtaComm's litigation positions.  Indeed, JuxtaComm and its reexamination counsel Messrs. McKeown, O'Neill, and Laxton never submitted any materials from the *Ascential* litigation to the PTO until after the PTO had already found '662 patent claims 1–12 and 17–19 patentable, and they never submitted to the PTO any of the *Ascential* Claim Construction Pleadings, including the Court's July 13, 2009 Memorandum Opinion and Order, during the '662 patent reexamination.  None of the information submitted to the PTO identified the claim construction issue from the *Ascential* litigation of whether a rule set processor must be distinct from a script processor, or the Court's resolution of that issue finding that those components do not need to be distinct, as shown by the PTO's later, contrary finding that these components must be distinct and the PTO's resulting finding of patentability.

18                          Lawson's Second Amended Answer and Counterclaims

32.     These failures to disclose by Messrs. McKeown, O'Neill, and Laxton were material, as stated by MPEP 2001.05, 2001.06, and 2001.06(c) and 37 C.F.R. § 1.56.

33.     A reasonable PTO examiner would have considered the *Ascential* Claim Construction Pleadings including, in particular, the Court's July 13, 2009 Memorandum Opinion and Order determining the scope of the claims and contradicting the PTO's findings, material and important to patentability.  *See* MPEP 2001.06(c); *see also, e.g.*, *Nilssen v. Osram Sylvania, Inc.*, 504 F.3d 1223, 1234 (Fed. Cir. 2007).  Had the PTO had this material information before it during the '662 patent reexamination, the PTO may have applied the Court's claim construction and found claims 1–12 and 17–19 unpatentable over the combination of MG, SLG, and ISG.

34.     Based on the totality of the materiality of the information withheld and the intent of Messrs. McKeown, O'Neill, and Laxton to withhold this information, which are supported by clear and convincing evidence, and balancing the equities in this matter, the single most reasonable inference to the drawn from the facts found and the applicable law is that JuxtaComm and its reexamination counsel Messrs. McKeown, O'Neill, and Laxton engaged in inequitable conduct during the reexamination of the '662 patent.  As a result, the '662 patent is unenforceable as matter of law.

## RESERVATION OF ADDITIONAL DEFENSES

35.     Lawson reserves any and all additional defenses available under Section 35 of the United States Code, or the rules, regulations, or law related thereto, the Federal Rules of Civil Procedure, the Rules of this Court, or otherwise in law or equity, now existing, or later arising, as may be discovered.

## COUNTERCLAIM FOR DECLARATORY RELIEF

For its counterclaims against JuxtaComm-Texas Software, LLC ("JuxtaComm"), Lawson Software, Inc. and Lawson Software Americas, Inc. (collectively, "Lawson") aver and allege as follows:

## NATURE OF ACTION

1.     This is an action seeking declaratory judgments of invalidity, unenforceability, and non-infringement of U.S. Patent No. 6,195,662 ("the '662 patent").

## PARTIES

2.     Lawson Software, Inc. is a Delaware corporation having its principal place of business at 380 St. Peter Street, St. Paul, Minnesota 55102.

3.     Lawson Software Americas, Inc. is a Delaware corporation having its principal place of business at 380 St. Peter Street, St. Paul, Minnesota 55102.

4.     In its First Amended Complaint, JuxtaComm purports to be a limited liability corporation organized and existing under the laws of Texas, with its principal place of business in Tyler, Texas.

## JURISDICTION AND VENUE

5.     This action arises under the patent laws of the United States, Title 35, United States Code §§ 101, *et seq.*, and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

6.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 2201-2202.

7.     By filing its Complaint in this judicial district, JuxtaComm has consented to the jurisdiction of this Court.

8.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

9.     By virtue of the allegations in JuxtaComm's Complaint in this action and Lawson's answer thereto, an actual controversy exists between Lawson and JuxtaComm as to whether the '662 patent is valid, enforceable, and/or not infringed by Lawson.

Lawson's Second Amended Answer and Counterclaims

## GENERAL ALLEGATIONS

10.     In its First Amended Complaint, JuxtaComm purports to be the exclusive licensee of the '662 patent and has alleged in its First Amended Complaint that Lawson has infringed, and continues to infringe, the '662 patent.

11.     This is an exceptional case pursuant to 35 U.S.C. § 285.

## COUNT I
### (DECLARATORY JUDGMENT FOR NON-INFRINGEMENT
### OF THE '662 PATENT)

12.     Lawson re-alleges and incorporates by reference all previous paragraphs of its Counterclaim as if fully set forth herein.

13.     An actual and justiciable controversy exists between JuxtaComm and Lawson with respect to the non-infringement of the '662 patent because JuxtaComm has brought an action against Lawson alleging that Lawson has infringed, and continues to infringe, the '662 patent and alleging that the '662 patent is valid and enforceable, which allegations Lawson denies.  Absent a declaration of non-infringement, JuxtaComm will continue to wrongfully assert the '662 patent against Lawson, and thereby cause Lawson irreparable injury and damage.

14.     Lawson has not infringed the '662 patent, either directly or indirectly, literally or under the doctrine of equivalents, willfully, or otherwise, and is entitled to a declaration to that effect.

## COUNT II
### (DECLARATORY JUDGMENT FOR
### INVALIDITY OF THE '662 PATENT)

15.     Lawson re-alleges and incorporates by reference all previous paragraphs of its Counterclaim as if fully set forth herein.

16.     An actual and justiciable controversy exists between JuxtaComm and Lawson with respect to the invalidity of the '662 patent because JuxtaComm has brought an action against Lawson alleging that Lawson has infringed, and continues to infringe, the '662 patent

and alleging that the '662 patent is valid and enforceable, which allegations Lawson denies. Absent a declaration of invalidity, JuxtaComm will continue to wrongfully assert the '662 patent against Lawson, and thereby cause Lawson irreparable injury and damage.

17.     The '662 patent is invalid under the provisions of Title 35 United States Code, including but not limited to §§ 101, 102, 103, and/or 112, and Lawson is entitled to a declaration to that effect.

**COUNT III**
**(DECLARATORY JUDGMENT FOR**
**UNENFORCEABILITY OF THE '662 PATENT)**

18.     Lawson re-alleges and incorporates by reference all previous paragraphs of its Counterclaim as if fully set forth herein.

19.     An actual and justiciable controversy exists between JuxtaComm and Lawson with respect to the unenforceability of the '662 patent because JuxtaComm has brought an action against Lawson alleging that Lawson has infringed, and continues to infringe, the '662 patent and alleging that the '662 patent is valid and enforceable, which allegations Lawson denies. Absent a declaration of unenforceability, JuxtaComm will continue to wrongfully assert the '662 patent against Lawson, and thereby cause Lawson irreparable injury and damage.

20.     The '662 patent is unenforceable due to inequitable conduct during the reexamination of the '662 patent.

21.     The '662 patent was filed on June 26, 1998 and prosecuted before the PTO as SN 09/105,299.  The '662 patent claims priority to provisional application SN 60/051,052, filed June 27, 1997.

22.     A request for ex parte reexamination of the '662 patent was filed on May 5, 2009 and subsequently granted in part by the PTO on July 31, 2009, with the reexamination proceeding before the PTO as SN 90/010,526.

Lawson's Second Amended Answer and
Counterclaims

23.     During reexamination, plaintiff JuxtaComm-Texas Software, LLC and its predecessor-in-interest JuxtaComm Technologies Inc. (collectively for this affirmative defense, "JuxtaComm") were represented by Mr. Scott McKeown from Oblon, Spivak, McClelland, Maier & Neustadt, L.L.P., as well as Kirt O'Neill and Harry Laxton from Akin, Gump, Strauss, Hauer, and Field, L.L.P.

24.     JuxtaComm previously filed litigation against Ascential Software Corp. and other defendants, *JuxtaComm Tech. Inc. v. Ascential Software Corp. et al.*, 2:07-CV-359-LED ("the *Ascential* litigation"), on August 17, 2007, asserting infringement of the '662 patent.  Messrs. O'Neill and Laxton and Akin, Gump, Strauss, Hauer, and Field, L.L.P. were litigation counsel to JuxtaComm in the *Ascential* litigation.

25.     The '662 patent reexamination occurred concurrent with the *Ascential* litigation, and the May 5, 2009 reexamination request filed with the PTO expressly referenced the pending *Ascential* litigation, including stating in Section I of the request:

> The '662 Patent is currently the subject of litigation in the case styled, *JuxtaComm Tech. Int'l. v. Ascential Software Corp., et al.*, No. 2:07-CV-00359-LED, which is pending in the United States District Court for the Eastern District of Texas (hereinafter "the Litigation").  Requester respectfully submits that there are substantial new questions regarding the patentability of all claims (1-19) of the Patent as explained in detail below.  These substantial new questions of patentability are based on previously uncited, and thus unconsidered, prior art that renders each of these claims invalid, particularly in view of statements made by the Applicants (and their agents) in the Litigation.

26.     JuxtaComm's reexamination counsel Mr. McKeown and his firm Oblon, Spivak, McClelland, Maier & Neustadt, L.L.P. were aware of the *Ascential* litigation at the time the '662 patent reexamination was pending, and Messrs. O'Neill and Laxton and Akin, Gump, Strauss, Hauer, and Field, L.L.P. were both litigation counsel to JuxtaComm in the *Ascential* litigation and reexamination counsel involved with the '662 patent reexamination.

Lawson's Second Amended Answer and Counterclaims

27.     In the '662 patent reexamination, the PTO issued its Notice of Intent to Issue a

Reexamination Certificate on April 27, 2010 and the Reexamination Certificate on July 27, 2010.

28.     In the '662 patent reexamination, the PTO issued its initial office action on

December 16, 2009, which affirmed the patentability of claims 1–12 and 14–19, and rejected

claim 13.   In this office action, the PTO found claims 1–12 and 17–19 patentable over the

combination of The Infopump Script Language Guide (1993) ("SLG"), the Infopump Installation

Guide (1993), ("ISG"), and The Infopump Manager Guide (1993) ("MG"), stating:

> As to **claims 1-12 and 17-19**, the combination of **MG**, **SLG**, and **ISG** does not disclose the claimed *rule set processor* in combination with the other features of the claim.   In independent **claims 1 and 17**, a *rule processor* is claimed as an element distinct from the *script processor*.   In the combination of **MG**, **SLG**, and **ISG**, the script processor would be the InfoPump server because the InfoPump server executes the scripts.   (**SLG**, Ch. 1).   Since the Idb reads on the element of the script processor, the combination of **MG**, **SLG**, and **ISG** does not disclose or suggest a distinct processor for processing the rules.   Further, the Examiner was unable to identify any suggestion in the combination for one of ordinary skill in the art to partition the InfoPump server into two processors, i.e. the script processor and the rule processor.   For at least this reason, **claims 1-12 and 17-19** are confirmed as patentable over the combination of **MG**, **SLG**, and **ISG**.

December 16, 2009 Office Action at 6 (emphasis in original).   Thus, the PTO interpreted claims

1–12 and 17–19 as requiring a "rule processor" that is "distinct from the script processor," and

found the claims patentable because the combination of MG, SLG, and ISG did not disclose a

distinct rule set processor.

29.     While the '662 patent was being reexamined, a number of litigation documents in

the *Ascential* litigation were exchanged between the parties and/or filed with the Court, and the

Court issued a number of rulings.   Those documents, filings, and rulings include:  the parties'

P.R.  4-1, P.R.  4-2, P.R.  4-3, and P.R.  4-5(d) disclosures and statements related to claim

construction; the parties' claim construction briefing; the February 4, 2009 transcript of the

*Ascential* Markman hearing; and the Court's July 13, 2009 Memorandum Opinion and Order

24

Lawson's Second Amended Answer and
Counterclaims

construing the '662 patent claims (collectively, "the *Ascential* Claim Construction Pleadings"). All of these documents were filed and served months before the PTO's December 16, 2009 Office Action.  In particular, the Court's July 13, 2009 Memorandum Opinion and Order was filed and served over five months before the PTO's December 16, 2009 initial Office Action; over nine months before the PTO's April 27, 2010 Notice of Intent to Issue a Reexamination Certificate, and over a year before the PTO's July 27, 2010 Reexamination Certificate issued for the '662 patent reexamination.

30.      In the Court's July 13, 2009 Memorandum Opinion and Order construing the '662 patent claims, the Court found that the claims did not require that the rule processor be distinct from the script processor.  After noting that the *Ascential* defendants contended "the rule set processor is an entirely separate component of the system" than the script processor, the Court rejected that contention and found:

> Although the claim sets forth "script processor" and "rule set processor" as separate claim limitations, such a recitation does not require them to be separate physical components as indicated by Defendants' proposed construction.  Nothing in the intrinsic evidence indicates that the two processors, admitted to be software, cannot be folded together and implemented as a single module.  While the system functional diagram of Fig. 2 relied upon by Defendants shows the processors as separate functional blocks, the depiction does not restrict an implementation of the system to separate components or modules.

July 13, 2009 Memorandum Opinion and Order, at 13.  As a result, the Court construed "rule set processor responsive to said script processor" as a "software component that processes rule sets responsive to said script processor," and expressly found that the rule set processor did not have to be distinct from the script processor.  *Id.*  Further, in its claim construction briefing, the *Ascential* defendants took the position that the rule set processor was a separate component from the script processor, whereas JuxtaComm did not take that position and disagreed that the rule set processor and script processor were separate components.  In fact, Mr. O'Neill argued

Lawson's Second Amended Answer and
Counterclaims

JuxtaComm's position on this issue at the Markman hearing.  Feb. 4, 2009 *Ascential* Markman

Hearing Tr. 50–53.

31.     During the reexamination of the '662 patent, JuxtaComm and its reexamination

counsel including collectively Messrs. McKeown, O'Neill, and Laxton filed responses to PTO

Office Actions on February 16, 2010 and Information Disclosure Statements on February 2,

2010, January 27, 2010, January 14, 2010, January 8, 2010, and January 7, 2010.  Included in the

IDSs filed were numerous items of prior art, as well as some pleadings and discovery from the

*Ascential* litigation including prior art invalidity charts.   One of the January 14, 2010 IDS

referred to "litigation materials corresponding to the patent at issue in this reexamination, styled

as *Juxtacomm Technologies, Inc. v. Ascential Software Corporation*, *et al*, Civil Action No.

2:07-CV-00359-LED (E.D. Tex., Marshall Division)," and included as a line item

"[c]orrespondence dated May 20, 2008 from counsel for Plaintiff to all Defendant counsel

regarding claim term construction."   However, JuxtaComm's reexamination counsel Messrs.

McKeown, O'Neill, and Laxton failed to submit *any* information from the *Ascential* litigation

until January 2010, over five months *after* the PTO granted the request for reexamination on July

31, 2009, as well as *after* the PTO's December 16, 2009 Office Action affirming the patentability

of all claims of the '662 patent except claim 13.

32.     JuxtaComm's reexamination counsel Messrs. McKeown, O'Neill, and Laxton

never disclosed to the PTO during reexamination of the '662 patent any of the *Ascential* Claim

Construction Pleadings including, in particular, the Court's July 13, 2009 Memorandum Opinion

and Order construing the claims and holding that the claimed "script processor" and "rule set

processor" do not have to be separate components.  JuxtaComm's reexamination counsel Messrs.

McKeown, O'Neill, and Laxton failed to disclose this information to the PTO even though they

were aware of the *Ascential* litigation and the Court's July 13, 2009 Memorandum Opinion and

Order.  JuxtaComm's reexamination counsel Messrs. McKeown, O'Neill, and Laxton also failed

to disclose this information even after the PTO's December 16, 2009 Office Action finding,

contrary to the Court's claim construction, that a "rule processor" must be "distinct from the

script processor," and finding the claims patentable because the combination of MG, SLG, and

ISG did not disclose a distinct rule set processor.

33.     Clear and convincing evidence establishes that the *Ascential* Claim Construction

Pleadings including, in particular, the Court's July 13, 2009 Memorandum Opinion and Order

that was not timely disclosed and was completely withheld from the PTO, is material to the

patentability of the '662 patent and was material to the earlier '662 patent reexamination.

34.     MPEP 2001.06(c), which requires prosecution counsel to submit litigation-related

materials to the PTO, establishes the materiality of such materials:

> Where the subject matter for which a patent is being sought is or has been
> involved in litigation, the existence of such litigation and any other material
> information arising therefrom must be brought to the attention of the U.S. Patent
> and Trademark Office.  Examples of such material information include evidence
> of possible prior public use or sales, questions of inventorship, prior art,
> allegations of "fraud," "inequitable conduct," and "violation of duty of
> disclosure."  Another example of such material information is any assertion that is
> made during litigation which is contradictory to assertions made to the examiner.
> *Environ Prods., Inc. v. Total Containment, Inc.*, 43 USPQ2d 1288, 1291 (E.D. Pa.
> 1997).  Such information might arise during litigation in, for example, pleadings,
> admissions, discovery including interrogatories, depositions, and other documents
> and testimony.

35.     The Court found that the claimed "script processor" and "rule set processor" do

not have to be separate components, and JuxtaComm took the position during claim construction

that these components did not have to be separate.  This directly contradicted the PTO's findings

during the '662 patent reexamination that these two components had to be separate components,

which the PTO relied on in its December 16, 2009 Office Action when finding the claims

patentable because the combination of MG, SLG, and ISG did not disclose a distinct rule set processor.   The Court's claim construction findings and JuxtaComm's claim construction position, which were broader than and contrary to the PTO's findings, establish that the *Ascential* Claim Construction Pleadings including, in particular, the Court's July 13, 2009 Memorandum Opinion and Order, were material to the patentability and reexamination of the '662 patent.

36.     During the '662 patent reexaminations, JuxtaComm's reexamination counsel including Messrs. McKeown, O'Neill, and Laxton collectively filed numerous IDS forms disclosing pleadings and other information from the *Ascential* litigation.   The information submitted included prior art and claim charts from the *Ascential* litigation.   Mr. McKeown also filed a response to a PTO Office Action after the service and filing of the *Ascential* Claim Construction Pleadings.   Further, Messrs. O'Neill and Laxton were also litigation counsel to JuxtaComm in the *Ascential* litigation.   These facts and the submission of this information to the PTO demonstrates that Messrs. McKeown, O'Neill, and Laxton, were aware of the *Ascential* litigation JuxtaComm's duty to submit material information from these litigations.   This also demonstrates that the failure of Messrs. McKeown, O'Neill, and Laxton to submit the *Ascential* Claim Construction Pleadings to the PTO including, in particular, their failure to notify the PTO of the Court's July 13, 2009 Memorandum Opinion and Order that contradicted the PTO's finding of patentability over the combination of MG, SLG, and ISG, was intentional.

37.     The Court's July 13, 2009 Memorandum Opinion and Order contradicted the PTO's finding of patentability over the combination of MG, SLG, and ISG, and it contained positions and arguments taken by JuxtaComm related to the scope, patentability, and validity of the '662 patent claims.   This included positions and arguments that were inconsistent with and contradicted those taken by JuxtaComm and the PTO during the '662 patent reexamination, and

28

Lawson's Second Amended Answer and Counterclaims

positions and arguments that were never raised during the '662 patent reexamination.   The
*Ascential* Claim Construction Pleadings similarly contradicted positions and arguments taken by
JuxtaComm related to the scope, patentability, and validity of the '662 patent claims, which were
never raised during the '662 patent reexamination.   As a result, the *Ascential* Claim Construction
Pleadings including, in particular, the Court's July 13, 2009 Memorandum Opinion and Order
were material to the patentability and reexamination of the '662 patent.   *See* MPEP 2001.05,
2001.06, and 2001.06(c).

38.     Contrary to MPEP 2001.04, 2001.05, 2001.06(c), and 37 C.F.R.  §  1.56,
JuxtaComm and its reexamination counsel Messrs. McKeown, O'Neill, and Laxton did not
timely notify the PTO about and completely withheld from the PTO the material *Ascential* Claim
Construction Pleadings related to the claim scope and patentability of the '662 patent claims.

39.     None of the material information that JuxtaComm's reexamination counsel
Messrs. McKeown, O'Neill, and Laxton withheld from the PTO during the '662 patent
reexamination was cumulative of other information presented to the PTO.   No substitute was
presented to the PTO for the parties' claim construction briefing and positions, or the Court's
July 13, 2009 Memorandum Opinion and Order expressly contradicting the PTO's findings
regarding the scope of the '662 patent claims and patentability of claims 1–12 and 17–19 over
the combination of MG, SLG, and ISG, while adopting many of JuxtaComm's litigation
positions.   Indeed, JuxtaComm and its reexamination counsel Messrs. McKeown, O'Neill, and
Laxton never submitted any materials from the *Ascential* litigation to the PTO until after the
PTO had already found '662 patent claims 1–12 and 17–19 patentable, and they never submitted
to the PTO any of the *Ascential* Claim Construction Pleadings, including the Court's July 13,
2009 Memorandum Opinion and Order, during the '662 patent reexamination.   None of the

29

information submitted to the PTO identified the claim construction issue from the *Ascential* litigation of whether a rule set processor must be distinct from a script processor, or the Court's resolution of that issue finding that those components do not need to be distinct, as shown by the PTO's later, contrary finding that these components must be distinct and the PTO's resulting finding of patentability.

40.     These failures to disclose by Messrs. McKeown, O'Neill, and Laxton were material, as stated by MPEP 2001.05, 2001.06, and 2001.06(c) and 37 C.F.R. § 1.56.

41.     A reasonable PTO examiner would have considered the *Ascential* Claim Construction Pleadings including, in particular, the Court's July 13, 2009 Memorandum Opinion and Order determining the scope of the claims and contradicting the PTO's findings, material and important to patentability.  *See* MPEP 2001.06(c); *see also, e.g.*, *Nilssen v. Osram Sylvania, Inc.*, 504 F.3d 1223, 1234 (Fed. Cir. 2007).  Had the PTO had this material information before it during the '662 patent reexamination, the PTO may have applied the Court's claim construction and found claims 1–12 and 17–19 unpatentable over the combination of MG, SLG, and ISG.

42.     Based on the totality of the materiality of the information withheld and the intent of Messrs. McKeown, O'Neill, and Laxton to withhold this information, which are supported by clear and convincing evidence, and balancing the equities in this matter, the single most reasonable inference to the drawn from the facts found and the applicable law is that JuxtaComm and its reexamination counsel Messrs. McKeown, O'Neill, and Laxton engaged in inequitable conduct during the reexamination of the '662 patent.  As a result, the '662 patent is unenforceable as matter of law.

Lawson's Second Amended Answer and
Counterclaims

## PRAYER FOR RELIEF

WHEREFORE Lawson Software, Inc. and Lawson Software Americas, Inc. pray for relief as follows:

1.      For dismissal of JuxtaComm's claims in their entirety with prejudice;

2.      For a judgment that Lawson Software, Inc. and Lawson Software Americas, Inc. have not infringed and are not infringing the '662 patent and that JuxtaComm take nothing by its Complaint;

3.      For judgment that the claims of the '662 patent are invalid and/or unenforceable;

4.      For a declaration that this is an exceptional case, and an award to Lawson Software, Inc. and Lawson Software Americas, Inc. of their reasonable attorneys' fees under 35 U.S.C. § 285;

5.      For an award of all costs of suit incurred by Lawson Software, Inc. and Lawson Software Americas, Inc.; and

6.      For all such other, and further, relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Lawson Software, Inc. and Lawson Software Americas, Inc. hereby demand a jury trial in this action on all issues so triable.


Dated:  March 10, 2011                    Respectfully submitted,


By: _/s/ Bijal V. Vakil_____
     Bijal V. Vakil

     Otis W. Carroll, Jr.
     Texas Bar No. 03895700
     Ireland Carroll & Kelley
     6101 S. Broadway
     Suite 500
     Tyler, TX 75703
     Telephone:  903.561.1600
     Facsimile:   903.581.1071
     ocarroll@icklaw.com

Lawson's Second Amended Answer and Counterclaims

Bijal V. Vakil
Shamita D. Etienne-Cummings
White & Case LLP
5 Palo Alto Square, 9th Floor
3000 El Camino Real
Palo Alto, CA 94306
Telephone: 650.213.0300
Facsimile:  650.213.8158
bvakil@whitecase.com
setienne@whitecase.com

ATTORNEYS FOR DEFENDANTS
LAWSON SOFTWARE, INC., AND
LAWSON SOFTWARE AMERICAS, INC.

Lawson's Second Amended Answer and
Counterclaims

## CERTICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 10th day of March, 2011.  Any other counsel of record will be served by first class U.S. mail on this same date.


_____*/s/ Bijal V. Vakil*_____
Bijal V. Vakil

Lawson's Second Amended Answer and
Counterclaims