**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **JUXTACOMM-TEXAS SOFTWARE, LLC,** | CIVIL ACTION NO. 6:10-CV-00011 (LED) |
| **PLAINTIFF** | JURY DEMANDED |
| vs. | |
| **AXWAY, INC., et al.** | |
| **DEFENDANTS** | |

**MOTION TO STRIKE THE DAMAGES EXPERT REPORT OF MICHAEL DANSKY AND TO PRECLUDE JUXTACOMM FROM INTRODUCING DAMAGES EXPERT TESTIMONY RELATING TO LAWSON AT TRIAL**

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................................1

II.  BACKGROUND ..................................................................................................................2

   A. JuxtaComm Did Not Disclose a Damages Theory, Royalty Rate, and Damages
      Number Applicable to Lawson in its Damages Expert Report..............................................2

   B. JuxtaComm Never Informed Lawson or the Court That JuxtaComm Lacked
      Damages Discovery Necessary to Issue a Complete Report ..................................................3

III. ARGUMENT........................................................................................................................6

   A. JuxtaComm's "Preliminary" Report Violates the Federal Rules of Civil Procedure, the
      Precedent of this Court, and the Docket Control Order.........................................................7

   B. JuxtaComm Has No Justification for Failing to Submit a Complete Report.........................8

   C. Lawson Has Been and Continues to be Prejudiced by JuxtaComm's Refusal to
      Disclose its Damages Theories ...............................................................................................10

   D. A Continuance Would Not Cure the Prejudice Suffered by Lawson .................................11

   E. The Importance of Mr. Dansky's Testimony Cannot Override JuxtaComm's
      Deliberate Decision to Ignore the Court's Deadlines............................................................11

IV.  CONCLUSION...................................................................................................................12

## TABLE OF AUTHORITIES

**Cases**

*Avance v. Kerr-McGee Chem. LLC*, No. 5:04-CV-209,
   2006 U.S. Dist. LEXIS 87224 (E.D. Tex. Nov. 30, 2006) ....................................................... 6

*Forest Group, Inc. v. Bon Tool Co.*, No. H-05-4127,
   2008 U.S. Dist. LEXIS 46924 (S. D. Tex. Jun. 16, 2008) ......................................................... 9

*Geiserman v. MacDonald,*
   893 F.2d 787 (5th Cir. 1990) ........................................................................................... 11, 12

*Kirk v. Provident Life & Accident Ins. Co.*, No. 4:00-CV-1792,
   2002 U.S. Dist. LEXIS 28195 (N.D. Tex. Feb. 19, 2002) .......................................................... 11

*MGM Well Servs. v. Mega Lift Sys.*, No. H-05-1634,
   2007 U.S. Dist. LEXIS 5005 (S.D. Tex. Jan. 24, 2007) .............................................................. 8

*Reliance Ins. Co. v. Louisiana Land & Exploration Co.*,
   110 F.3d 253 (5th Cir. 1997) .................................................................................................. 12

*Rushing v. Kansas City Southern Ry.*,
   185 F.3d 496 (5th Cir. 1999) .................................................................................................... 8

*Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*,
   73 F.3d 546 (5th Cir. 1996) ...................................................................................................... 6

*STMicroelectronics, Inc. v. Motorola, Inc.*,
   307 F. Supp. 2d 846 (E.D. Tex. 2004) ...................................................................................... 8

*Sybase, Inc. v. Vertica Sys.*, No. 6:08-CV-24,
   2009 U.S. Dist. LEXIS 110775 (E.D. Tex. Nov. 30, 2009) .................................................. 9, 10

*Witt v. Chesapeake Exploration, L.L.C.*, No. 2:10-CV-22,
   2011 U.S. Dist. LEXIS 76033 (E.D. Tex. Jul. 14, 2011) ........................................................... 7

*Young v. Brand Scaffold Servs., LLC*, No. 1:07-CV-917,
  2009 U.S. Dist. LEXIS 120175 (E.D. Tex. Feb. 24, 2009) .................................................. 7, 11

**Statutes**

Fed. R. Civ. P. 26 ................................................................................................................... 2, 4, 7

Rule 30(b)(6) ............................................................................................................................... 3

**I.      INTRODUCTION**

This Court entered Docket Control and Discovery Orders in this case mandating that JuxtaComm serve a complete expert report on issues of damages on August 5, 2011.  Instead of adhering to the Court's orders, JuxtaComm provided Defendants Lawson Software, Inc. and Lawson Software Americas, Inc. (collectively, "Lawson") only a "preliminary" expert report.  That document comes far short of complying with both the Federal Rules of Civil Procedure as well as the Local Rules of this District—it fails to disclose a royalty rate, the damages JuxtaComm will seek at trial, or even a damages theory to which Lawson could respond.  This Court and the Fifth Circuit Court of Appeals have made it clear that expert reports must disclose all opinions that an expert intends to offer at trial along with all factual bases for those opinions.  Moreover, this Court has specifically held that there is no provision in the rules for "preliminary" reports, such as JuxtaComm's, that fail to provide a full disclosure.  Because JuxtaComm's damages report fails to comply with the disclosure requirements, Lawson respectfully requests that the Court strike JuxtaComm's damages report as it pertains to Lawson and preclude JuxtaComm from relying on expert testimony in support of its damages claims against Lawson.

Rather than provide a detailed opinion, JuxtaComm, through its damages expert Mr. Dansky, attempts to excuse its inadequate report by asserting that Lawson failed to produce purportedly relevant information.  Even if JuxtaComm were correct—and it is not—this Court's Rules do not excuse a party from complying with an order based on an alleged deficiency of another party's disclosure.  Indeed, a party cannot unilaterally avail itself of an extension or a free-pass simply because it perceives that information is lacking.  JuxtaComm's excuse is, in any event, belied by its failure to (1) move to compel on any of the supposed discovery deficiencies that it now raises, (2) raise the alleged deficiencies in the discovery conferences the parties held

immediately in advance of exchanging their reports, and (3) ever tell Lawson that JuxtaComm could not submit a complete expert report without additional discovery.

Expedited relief is necessary in this case. Lawson has its own report on damages due in a matter of weeks, quickly followed by the deadline for dispositive motions and *Daubert* motions. Without immediate relief, Lawson would be unfairly subject to the significant and unnecessary expense of responding to the improper half-theories disclosed in JuxtaComm's incomplete report.

For all of these reasons, Lawson requests that this motion be granted, and that JuxtaComm be precluded from introducing damages expert testimony at trial.

## II.     BACKGROUND

### A.     JuxtaComm Did Not Disclose a Damages Theory, Royalty Rate, and Damages Number Applicable to Lawson in its Damages Expert Report

The Docket Control Order states that JuxtaComm's opening expert reports on issues of damages were due on August 5, 2011.[1] The Discovery Order, in turn, states that reports served on those dates must comply with the requirements laid out in Fed. R. Civ. P. 26(a)(2)(B), which mandate that expert reports include "a complete statement of all opinions to be expressed and the basis and reasons for them," among other requirements.[2] Rather than complying with the Court's orders and the Rules, JuxtaComm instead served an incomplete "preliminary" expert report that contains far less than "a complete statement of all opinions to be expressed and the basis and reasons for them." Indeed, JuxtaComm's expert, Mr. Michael Dansky, fails to disclose a reasonable royalty rate applicable to Lawson's alleged revenue, the damages he believes the jury should award JuxtaComm for Lawson's alleged infringement, or a theory by which those alleged damages would be justified under the law. Rather, Mr. Dansky's report contains a series of

---

1    *See* Amended Docket Control Order Dated July 21, 2011 (Dkt. No. 604).

2    *See* Discovery Order (Dkt. No. 295) at 3.

complaints about supposed discovery deficiencies that he claims prevent him from rendering an opinion.[3] He then states that he plans to supplement his report, at some undisclosed future date, after he obtains additional information.

### B. JuxtaComm Never Informed Lawson or the Court That JuxtaComm Lacked Damages Discovery Necessary to Issue a Complete Report

Despite Mr. Dansky's complaints, JuxtaComm never informed Lawson ahead of the expert report deadline that any alleged discovery deficiencies would prevent JuxtaComm from serving a complete expert report, and never sought relief from the expert report deadline from the Court. JuxtaComm had ample opportunity to do so. Indeed, in late July of 2011, just over a week before the August 5, 2011, due date for JuxtaComm's damages expert report, the parties conferred at length for the specific purpose of clearing all outstanding discovery issues in advance of opening expert reports.[4] JuxtaComm knew that Lawson had completed its damages production many months before these teleconferences, and yet did not mention any of the supposed inadequacies that it now raises with that production.[5]

Significantly, the only damages discovery issue that JuxtaComm raised during these July, 2011, discovery conferences was JuxtaComm's request to continue the deposition of Lawson's Rule 30(b)(6) witness on financial and marketing topics, Mr. Lee Kilmer, who had previously

---

[3] *See* Appendix A to the August 5, 2011 Expert Report of Michael Dansky ("Dansky Report") (Exh. 2) at 56, 62. Citations in the form "Exh. _" are citations to the Declaration of Mandy Pezzano filed in support of this motion.

[4] *See* JuxtaComm letter to Lawson dated July 20, 2011 (Exh. 5) at 2. The parties exchanged multiple letters and emails and then held discovery teleconferences on July 26 and July 28 of 2011. *See* Lawson email to JuxtaComm dated August 15, 2011 (Exh. 8); Lawson email to JuxtaComm dated August 8, 2011 (Exh. 7); JuxtaComm letter to Lawson dated July 29, 2011 (Exh. 6).

[5] In April of 2011, JuxtaComm and Lawson exchanged a number of letters concerning Lawson's damages production. Lawson informed JuxtaComm at that time that its damages production was complete. *See* April 29, 2011, letter from Lawson to JuxtaComm (Exh. 4).

been deposed in April.[6]  Lawson fully complied with that request and made Mr. Kilmer available for an additional day of testimony on August 4, 2011.  Because that deposition was scheduled for the day before the due date for JuxtaComm's damages expert report, the parties agreed that JuxtaComm could have until August 12, 2011, to supplement its report with any information obtained from Mr. Kilmer's deposition.[7]

With the Court's schedule and the parties' agreement to supplement the report in place, JuxtaComm served its incomplete report on August 5, 2011.  Recognizing that it had agreed to receive a supplemental report after the Kilmer deposition, Lawson expected to receive a report that complied with Rule 26's requirements on August 12.   August 12 came and went, and JuxtaComm did not serve a supplemental report.  Rather than seek leave of Court to continue the date by which it needed to serve its damages report, or even notify Lawson that no supplemental report would be forthcoming, JuxtaComm remained silent.  Lawson wrote to JuxtaComm's counsel on the next business day asking JuxtaComm to provide immediately a "complete" damages report.[8]

Only after the deadline for expert reports had passed and after Lawson wrote JuxtaComm advising it of Lawson's intent to bring this motion, did JuxtaComm respond to Lawson by providing a new, longer laundry list of supposed damages discovery deficiencies.[9]  JuxtaComm claims that it was surprised to learn, at Mr. Kilmer's continued deposition, of damages documents that had not been produced.  JuxtaComm does not explain anywhere in its letter why

---

[6]    *See* JuxtaComm letter to Lawson dated July 20, 2011 (Exh. 5).

[7]    *See* (Exh. 8) Lawson email to JuxtaComm dated August 15, 2011.

[8]    *See* (Exh. 8) Lawson email to JuxtaComm dated August 15, 2011.

[9]    *See* JuxtaComm letter to Lawson dated August 16, 2011 and sent August 17, 2011 (Exh. 9).

it did not ask Mr. Kilmer about these documents at his first deposition, which it conducted months before, on April 14, 2011.[10] Nor did JuxtaComm explain why it waited to raise these issues until *after* its damages expert report was due or why it failed to seek relief from the Court.

The reason for JuxtaComm's silence, perhaps, lies in the fact that all of the issues that Mr. Dansky raises in his report (other than Mr. Kilmer's deposition, which Lawson cured) are new and were never the subject of the parties' previous discovery conferences; in other words, JuxtaComm was not diligent. Indeed, in his report, Mr. Dansky identifies three categories of documents that he says he needs to provide an opinion on a reasonable royalty rate: (1) product-level "consulting and services revenue," (2) revenue for products that "work with the accused products as a functional unit," and (3) "[a]ny valuation reports associated with the acquisition [of Lawson] by Infor."[11] JuxtaComm complained about this revenue information for the first time in Mr. Dansky's report, and requested the Infor acquisition material for the first time three days before the service of that report.[12] JuxtaComm never suggested that Mr. Dansky could not disclose a damages theory if JuxtaComm did not receive this information.

Moreover, after the parties conducted their formal meet and confer in advance of filing this motion—two weeks after the original due date for JuxtaComm's report—JuxtaComm offered to serve, by August 26, 2011, a complete expert report based on all information currently available.[13] That offer comes far too late, and gives Lawson insufficient time under the current

---

[10]  JuxtaComm elected to not examine Mr. Kilmer on the marketing financial topics for which he had been designated at his first deposition, even though Lawson had already completed its financial production long beforehand. *See* April 29, 2011, letter from Lawson to JuxtaComm (Exh. 4).

[11]  *See* Dansky Report (Exh. 2) at 56.

[12]  *See* Lawson email to JuxtaComm dated August 8, 2011 (Exh. 7).

[13]  *See* August 19, 2011, JuxtaComm email to Lawson (Exh. 10).

schedule to respond to the report, complete expert discovery, and prepare its summary judgment and *Daubert* motions. All that this letter demonstrates is that JuxtaComm could have timely submitted a complete report, based on currently available information, but for tactical reasons chose not to.

### III. ARGUMENT

Lawson's motion should be granted because JuxtaComm failed to disclose even the most basic elements of a damages theory in its expert report, did so without justification *and without leave of Court*. When a party fails to timely serve a report in this manner, the appropriate remedy is for the Court to preclude the expert from testifying. *See Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 569-73 (5th Cir. 1996). That is true even if the expert later submits a supplemental report that would have contained sufficient detail had it been timely served. *Id.* at 569-70; *see also Avance v. Kerr-McGee Chem. LLC*, No. 5:04-CV-209, 2006 U.S. Dist. LEXIS 87224, at *21-23 (E.D. Tex. Nov. 30, 2006) (striking affidavits from experts filed after the expert report deadline where there was no adequate explanation for the failure to meet the deadline).

Under Fifth Circuit law, four factors are considered in determining whether a preclusion sanction is appropriate for a party's failure to meet the Court's disclosure deadlines: (1) the explanation, if any, for the party's failure to comply with the discovery order; (2) the prejudice to the opposing party of allowing the witnesses to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the importance of the witnesses' testimony. *Sierra Club*, 73 F.3d at 572. For the reasons discussed below, application of these factors to the present case indicates that Lawson's motion should be granted.

### A. JuxtaComm's "Preliminary" Report Violates the Federal Rules of Civil Procedure, the Precedent of this Court, and the Docket Control Order

There is no question that the Dansky Report is incomplete and inadequate under the Federal Rules and the Orders and precedent of this Court. This Court has long made it clear that an expert's report must be "detailed and complete," and that reports that are merely "preliminary" do not satisfy the requirements of Fed. R. Civ. P. 26. *See, e.g., Young v. Brand Scaffold Servs., LLC*, No. 1:07-CV-917, 2009 U.S. Dist. LEXIS 120175, at *5 (E.D. Tex. Feb. 24, 2009). Moreover, as discussed above, this Court explicitly stated in the Discovery Order in this case that parties must serve reports that fully comply with the requirements of that Fed. R. Civ. P. 26(a)(2)(B) on the date specified in the Docket Control Order. This Court has unequivocally held that "Federal Rule of Civil Procedure 26(a)(2)(B) states that an expert's report must include 'a complete statement of all opinions to be expressed and the basis and reasons for them'," and that permitting an expert to testify regarding any theories not contained in his original report would "defeat one of the primary purposes that the expert report serves." *See, e.g., Witt v. Chesapeake Exploration, L.L.C.*, No. 2:10-CV-22, 2011 U.S. Dist. LEXIS 76033, at *5-8 (E.D. Tex. Jul. 14, 2011).

The Dansky Report, which does not contain a royalty rate or a damages number that will be presented to the jury applicable to Lawson, clearly fails to meet this standard. It cannot be disputed that the Dansky Report lacks a complete statement of "all opinions to be expressed" at trial, as plainly required by the rule. Indeed, the very core opinions that Mr. Dansky would offer at trial in this case are entirely absent from his report. Mr. Dansky does not even himself claim to have made a complete disclosure, but rather expressly admits that he will not render a complete opinion until additional damages discovery is produced, which, as discussed, JuxtaComm never pursued before the deadline.

### B.     JuxtaComm Has No Justification for Failing to Submit a Complete Report

JuxtaComm has no justification for its refusal to submit a complete expert report in accordance with this Court's Docket Control and Discovery Orders. JuxtaComm's sole justification for its failure to meet the deadline—its complaints about Lawson's production of damages discovery—fails for two independent reasons.

First, JuxtaComm's unfounded complaints about Lawson's production cannot, under settled law, justify JuxtaComm's unilateral refusal to serve a complete report in accordance with this Court's orders. This Court has made it clear that a party may not unilaterally refuse to comply with its disclosure obligations merely because it is unsatisfied with the production of an opposing party. In the Discovery Order entered in this case, the Court states:

> A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures.

Discovery Order at ¶ 14, Docket No. 295 ("No Excuses"). Both the Fifth Circuit and this Court have cautioned parties not to engage in unilateral action of this sort in numerous cases, including in the context of expert disclosures. *See, e.g., STMicroelectronics, Inc. v. Motorola, Inc.*, 307 F. Supp. 2d 846, 853 (E.D. Tex. 2004) (stating that "the Court will not allow litigants to ignore its orders…[p]arties are not free to disregard rules of procedure or orders of this Court"); *see also MGM Well Servs. v. Mega Lift Sys.*, No. H-05-1634, 2007 U.S. Dist. LEXIS 5005, at *3-7 (S.D. Tex. Jan. 24, 2007) (striking untimely final invalidity contentions where defendant ignored the deadlines in the Docket Control and Discovery Orders and the Local Patent Rules to serve invalidity contentions and prior art references); *see also Rushing v. Kansas City Southern Ry.*, 185 F.3d 496, 508-10 (5th Cir. 1999) (stating that "a party who ignores any case-management

deadline does so at his own peril," and excluding expert witness testimony that was not timely disclosed).

Despite this clear rule, JuxtaComm elected a self-help remedy to its perceived grievances, but neither this Court nor any other court accepts such self-help remedies. If JuxtaComm felt that its expert did not have the information he needed to put in a complete expert report on issues of damages, JuxtaComm should have conferred with Lawson before its report was due and sought relief from the Court regarding the expert report deadline. JuxtaComm made no effort to do so.

Second, JuxtaComm's complaints about lack of information cannot justify JuxtaComm's failure to comply with the expert report deadline because JuxtaComm did not diligently pursue that information during discovery. This Court has held that a party may not obtain relief from a Court-ordered deadline on the basis of uncovering new information unless that party was diligent in pursuing that information. *See, e.g., Sybase, Inc. v. Vertica Sys.*, No. 6:08-CV-24, 2009 U.S. Dist. LEXIS 110775, at *4-7 (E.D. Tex. Nov. 30, 2009) (denying plaintiff leave to add infringement contention based on review of defendant's source code where plaintiff had ample time to review the source code and add the contention before the deadline passed); *Forest Group, Inc. v. Bon Tool Co.*, No. H-05-4127, 2008 U.S. Dist. LEXIS 46924, at *4-6 (S. D. Tex. Jun. 16, 2008) (holding that a party's "failure to conduct adequate, timely discovery does not establish good cause for its failure to seek leave to amend prior to the amendments deadline," and denying leave to amend where plaintiff claimed defendant "concealed" discovery necessary to make the amendment when Plaintiff did not request the documents until after the close of discovery).

As discussed above, the issues that JuxtaComm raises are recent ones that JuxtaComm never previously pressed or pursued—not even when the parties conferred in late July with the

specific objective of clearing all matters that needed to be addressed in advance of serving expert reports. *See* Supra Section II.B. That is because Lawson has provided a more than adequate production of damages discovery in this case. Had JuxtaComm determined that Lawson's production was so inadequate that JuxtaComm would be unable to render a damages opinion, JuxtaComm presumably would have brought the matter to Lawson's, and the Court's, attention prior to serving expert reports—which JuxtaComm never did. Accordingly, JuxtaComm's alleged lack of information cannot justify its failure to serve a timely, complete report.[14]

### C. Lawson Has Been and Continues to be Prejudiced by JuxtaComm's Refusal to Disclose its Damages Theories

Lawson has been severely prejudiced by JuxtaComm's refusal to disclose its damages theories. This Court's policy of not tolerating unilateral refusals to comply with disclosure deadlines was designed to prevent precisely the type of chaos that JuxtaComm's actions have caused in this case. Lawson's expert report on damages issues is due on September 9, 2011, its dispositive motions and *Daubert* motions are due on September 26, 2011, and discovery is set to close on October 7, 2011. JuxtaComm's refusal to submit a report with a damages theory has frustrated Lawson's ability to comply with these deadlines and to prepare for trial. Lawson is already expending significant resources attempting to prepare a damages rebuttal report addressing the half-theories in JuxtaComm's report. Without relief from this Court, Lawson will be forced to continue to prepare a piecemeal rebuttal to JuxtaComm's incomplete report, only to then be forced to make additional submissions once JuxtaComm finally decides to disclose a complete damages theory.

---

[14] If JuxtaComm later seeks leave to supplement its report after obtaining this newly sought information, as JuxtaComm suggests it will do, that request would be properly denied for these same reasons and under the same analysis. *See, e.g., Sybase*, 2009 U.S. Dist. LEXIS 110775, at *4-7.

### D. A Continuance Would Not Cure the Prejudice Suffered by Lawson

A continuance does not provide a remedy to the prejudice caused by JuxtaComm's failure to meet its expert disclosure obligations. As discussed above, the deadline for dispositive motions, including *Daubert* motions, is fast approaching in September. Further, trial is scheduled to commence January 9, 2012, less than five months from now. A continuance would push expert disclosures too close to trial and likely upset trial planning in this case. Moreover, it seems especially unwarranted to grant a continuance when JuxtaComm itself never sought any extensions from the Court and never told Lawson that it needed to extend the expert disclosure deadlines to account for additional discovery. *See Kirk v. Provident Life & Accident Ins. Co.*, No. 4:00-CV-1792, 2002 U.S. Dist. LEXIS 28195, at *10 (N.D. Tex. Feb. 19, 2002) (excluding expert testimony because "Plaintiff has never asked for an extension of time in which to supplement her expert's report," "an extension would result in additional delay and increase the expense of defending a lawsuit," and "there is no evidence that an extension would deter future dilatory behavior or serve to enforce scheduling orders issued by the court.") (internal citations omitted). Therefore, a continuance is not a cure for the prejudice caused by JuxtaComm's unilateral actions.

### E. The Importance of Mr. Dansky's Testimony Cannot Override JuxtaComm's Deliberate Decision to Ignore the Court's Deadlines

That Mr. Dansky is JuxtaComm's damages expert should not detract from the undisputed fact that JuxtaComm unilaterally, and without justification, chose to ignore the Court's expert disclosure deadlines. Settled Fifth Circuit law makes clear that "[t]he importance of such proposed testimony cannot singularly override the enforcement of scheduling orders." *Geiserman v. MacDonald,* 893 F.2d 787, 792 (5th Cir. 1990); *see also Young,* 2009 U.S. Dist. LEXIS 120175, at *8-14 (ordering expert testimony excluded where, although it was important

to the party's case, allowing the expert to testify would prejudice the opposing party, disrupt the schedule, and there was no adequate explanation for the failure to meet the deadline). Indeed, the importance of a plaintiff's damages theory and damages demand underlines the need for a complete and timely disclosure of expert opinions. *See Geiserman*, 893 F.2d at 792. In any event, the claimed importance of an expert's testimony does not provide reason to excuse JuxtaComm's unilateral decision to ignore the Court's deadline and withhold its complete damages theory until some future date when it feels more prepared to provide one. As the Fifth Circuit has explained, "[d]istrict judges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case." *Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 258 (5th Cir. 1997) (affirming district court's denial of plaintiff's request to supplement its expert report with new opinions).

## IV. CONCLUSION

For all of the forgoing reasons, Lawson requests that this Court grant this motion and preclude JuxtaComm from introducing damages expert testimony at trial. Lawson further requests, for the reasons stated in its co-pending motions filed today, that the Court grant expedited briefing and relief on this motion, and that the Court continue the date for Lawson to provide a responsive damages expert report—if needed—until this issue can be resolved.

Dated:  August 23, 2011						Respectfully submitted,

By:   */s/ Mark N. Reiter*
       Mark. N. Reiter

Josh A. Krevitt
Paul E. Torchia
Steven M. Kalogeras
Gibson Dunn & Crutcher - NYC
200 Park Ave., 48th Floor
New York, NY 10166
Telephone:  (212) 351-4000
Facsimile:  (212) 351-4035

jkrevitt@gibsondunn.com
ptorchia@gibsondunn.com
skalogeras@gibsondunn.com

Mark N. Reiter
Texas Bar No. 16759900
Mandy Pezzano
Texas Bar No. 24074886
Gibson Dunn & Crutcher – Dallas
2100 McKinney Avenue
Suite 1100
Dallas, TX 75201-6912
Telephone: (214) 698-3100
Facsimile: (214) 571-2900
mreiter@gibsondunn.com
mpezzano@gibsondunn.com


Otis W. Carroll, Jr.
Texas Bar No. 03895700
Ireland Carroll & Kelley
6101 S. Broadway
Suite 500
Tyler, TX 75703
Telephone: 903.561.1600
Facsimile: 903.581.1071
Fedserv@icklaw.com


ATTORNEYS FOR DEFENDANTS
LAWSON SOFTWARE, INC. AND
LAWSON SOFTWARE AMERICAS, INC.

**CERTICATE OF SERVICE**

I certify that the foregoing document was filed electronically on August 23, 2011 pursuant to Local Rule CV-5(a), and has been served on all counsel of record who have consented to electronic service.

                                         */s/ Mark N. Reiter*
                                         Mark N. Reiter

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that: (1) counsel has complied with the meet-and-confer requirement in Local Rule CV-7(h); and (2) this Motion is opposed. On August 19, 2011, Defendant Lawson's counsel, Josh A. Krevitt and Deborah Race, and Plaintiff JuxtaComm's counsel, Richard Laurence Macon, conducted a telephone conference. The parties met and conferred in good faith in an attempt to resolve this issue, but their discussion ended in an impasse, requiring resolution by the Court.

DATE: August 23, 2011                           */s/ Josh A. Krevitt*
                                                      Josh A. Krevitt

                                                       */s/ Deborah Race*
                                                       Deborah Race