IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **JUXTACOMM-TEXAS SOFTWARE, LLC** § | |
| § | |
| PLAINTIFF, § | |
| § | |
| v. § | Civil Action No. 6:10-CV-00011-LED |
| § | |
| **AXWAY, INC., et al,** § | |
| § | |
| DEFENDANTS. § | |

### JUXTACOMM-TEXAS SOFTWARE, LLC'S OPPOSED MOTION FOR LEAVE TO SERVE SUPPLEMENTAL EXPERT REPORT OF MICHAEL DANSKY AS TO DEFENDANTS LAWSON SOFTWARE, INC. AND LAWSON SOFTWARE AMERICAS, INC.

Plaintiff JuxtaComm-Texas Software, LLC ("Plaintiff") respectfully requests that the Court grant it leave to serve a supplemental expert report prepared by its damages expert Michael Dansky on Defendants Lawson Software, Inc. and Lawson Software Americas, Inc. (collectively "Lawson") and in support would show:[1]

JuxtaComm's expert Michael Dansky, who was timely designated, provided a timely expert report consisting of several hundred pages, including more than sixty pages specific to Lawson. Despite this and despite the fact that Lawson has improperly and willfully withheld damages related documents and information, Lawson nevertheless finds fault with Mr. Dansky's report because he fails to offer certain opinions as to a specific royalty amount or damages base. As detailed in JuxtaComm's response to Lawson's motion to strike, the absence of these items from Mr. Dansky's report however, is entirely attributable to Lawson's failure to make previously requested information available to JuxtaComm. Lawson has only itself to blame for

---

[1] Mr. Dansky's prepared supplemental expert report is attached as Exhibit "10" to JuxtaComm's response to Lawson's motion to strike and motion to modify the Docket Control Order.

1

its predicament, having engaged in discovery gamesmanship over the last year, which include among other things, withholding and then denying the existence of relevant damages-related data.

Despite Lawson's gamesmanship, JuxtaComm's counsel on August 19, 2011, in an effort to expedite discovery and avoid needless motion practice, offered to serve a supplemental damages report prepared by Mr. Dansky on August 26, 2011 based on the information currently availability. JuxtaComm's counsel further offered to agree to an extension of September 30, 2011 for Lawson to file its expert rebuttal report on damages. Lawson's counsel thereafter rejected this offer thereby necessitating this Court's intervention.

JuxtaComm has good cause for requesting that the Court grant it leave to serve Michael Dansky's prepared supplemental expert report on Lawson for at least two reasons.[2] First, as discussed at length in JuxtaComm's response to Lawson's motion to strike and motion to vacate the Court Docket Order, JuxtaComm has been diligent in seeking to obtain necessary damages related information from JuxtaComm and in attempting to resolve this issue with Lawson. Second, JuxtaComm's request for leave is proper in light of Lawson's serious discovery abuses which have prevented JuxtaComm from obtaining needed damages-related discovery.

For the reasons outlined above and for other reasons which are more fully stated in JuxtaComm's response to Lawson's motion to strike and motion to modify the Court Docket Order, JuxtaComm requests that the Court grant JuxtaComm's leave to serve Mr. Dansky's prepared supplemental expert report on the Lawson Defendants.

---

[2] Federal Rule of Civil Procedure 16(b) allows a party to modify the Court's Docket Order "upon a showing of good cause."

Dated: August 26, 2011	**AKIN GUMP STRAUSS HAUER & FELD LLP**

*/s/ R. Laurence Macon*
R. LAURENCE MACON
State Bar No. 12787500
lmacon@akingump.com
KIRT S. O'NEILL
State Bar No. 00788147
koneill@akingump.com
MELANIE G. COWART
State Bar No. 04920100
mcowart@akingump.com
300 Convent Street, Suite 1600
San Antonio, Texas 78205-3732
Telephone: (210) 281-7000
Fax: (210) 224-2035

MICHAEL L. KIKLIS
District of Columbia Bar No. 462690
Robert S. Strauss Building
1333 New Hampshire Avenue, NW
Washington, DC 20036-1564
Telephone: (202) 887-4000
Fax: (202) 887-4288

– and –

**LOCAL COUNSEL**

T. JOHN WARD, JR.
**WARD & SMITH LAW FIRM**
P.O. Box 1231
Longview, Texas 75606-1231
Telephone: (903) 757-6400
Fax: (903) 757-2323
jw@jwfirm.com

**ATTORNEYS FOR PLAINTIFF
JUXTACOMM-TEXAS SOFTWARE, LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 26, 2011 a true and correct copy of the foregoing document was served on all attorneys of record via electronic email pursuant to Fed. R. Civ. P. 5, Local Rule CV-5(d) and Paragraph 21 of the Discovery Order entered in this matter.

*R. Laurence Macon*

R. LAURENCE MACON

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that: (1) counsel has complied with the meet-and-confer requirements in Local Rule CV-7(h); and (2) this Motion is opposed. On Tuesday August 23, 2011, Melanie Cowart from Akin Gump held a telephone conference with counsel for Lawson. The parties met and conferred in good faith in an attempt to resolve this issue, but their discussion ended in an impasse, requiring resolution by the Court. Specifically, Ms. Cowart offered to serve a supplemental expert report prepared by Michael Dansky by August 26, 2011 and further offered Lawson an extension of September 30, 2011 for Lawson to serve its rebuttal expert report. Lawson rejected Ms. Cowart's offer.

DATE: August 26, 2011

*R. Laurence Macon*

R. LAURENCE MACON

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **JUXTACOMM-TEXAS SOFTWARE, LLC** § § | |
| PLAINTIFF, § § | |
| v. § | Civil Action No. 6:10-CV-00011-LED |
| § | |
| **AXWAY, INC., et al,** § § | |
| DEFENDANTS. § | |

**ORDER GRANTING JUXTACOMM-TEXAS SOFTWARE, LLC'S MOTION FOR LEAVE TO SERVE SUPPLEMENTAL EXPERT REPORT OF MICHAEL DANSKY AS TO DEFENDANTS LAWSON SOFTWARE, INC. AND LAWSON SOFTWARE AMERICAS, INC.**

On this day, the Court considered JuxtaComm's motion for leave to serve Michael Dansky's supplemental expert report on Defendants Lawson Software, Inc. and Lawson Americas, Inc. (collectively "Lawson"). The Court having considered the motion, and Lawson's response, if any, is of the opinion that the motion should be granted.