# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| JUXTACOMM-TEXAS SOFTWARE, LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>AXWAY, INC., et al.,<br><br>　　　　　Defendants. | Civil Action No. 6:10-CV-00011 (LED)<br><br>JURY TRIAL DEMANDED |

### LAWSON'S OPPOSITION TO JUXTACOMM-TEXAS SOFTWARE, LLC'S OPPOSED MOTION FOR LEAVE TO SERVE SUPPLEMENTAL EXPERT REPORT OF MICHAEL DANSKY AS TO DEFENDANTS LAWSON SOFTWARE, INC. AND LAWSON SOFTWARE AMERICAS, INC.

Defendants Lawson Software, Inc. and Lawson Software Americas, Inc. (collectively, "Lawson") submit this brief in opposition to JuxtaComm's Opposed Motion For Leave To Serve Supplemental Expert Report Of Michael Dansky As To Defendants Lawson Software, Inc. And Lawson Software Americas, Inc. ("Motion to Supplement Dansky's Expert Report") (Dkt. # 666). Lawson respectfully requests that the Court deny JuxtaComm's Motion to Supplement Dansky's Expert Report for the reasons stated below.

First, and as explained in much greater detail in Lawson's Motion To Strike The Damages Expert Report Of Michael Dansky And To Preclude JuxtaComm From Introducing Damages Expert Testimony Relating To Lawson At Trial ("Motion to Strike") (Dkt. # 652) and Lawson's Reply Brief in Support of Lawson's Motion to Strike, to be filed concurrently with this

motion, JuxtaComm simply cannot show good cause under Federal Rule of Civil Procedure 16(b) for leave to supplement Dansky's expert report because JuxtaComm was not remotely diligent in seeking the discovery JuxtaComm alleges was "necessary" to provide a complete damages expert report by the deadline.  JuxtaComm never informed Lawson that JuxtaComm was lacking documents allegedly necessary to file a complete expert report by the deadline and, more importantly, JuxtaComm never sought relief from the deadline from the Court.  Additionally, as proved by JuxtaComm's supplemental damages expert report that *does* contain a royalty rate and a damages number, the allegedly crucial discovery JuxtaComm did not possess was not necessary for JuxtaComm to file an expert report containing a royalty rate and a damages number.  Thus, JuxtaComm has no excuse for its failure to file a damages expert report with a royalty rate and a damages number by the expert report deadline.

Second, and as also explained in greater detail in Lawson's Reply Brief in Support of Lawson's Motion to Strike, JuxtaComm cannot properly file a supplemental expert report under Federal Rule of Civil Procedure 26(e) because there is no new information on which this "supplemental" report is based.  Rather, JuxtaComm simply decided to provide the expert report it should have provided by the deadline—with a royalty rate and a damages base—based on the same information and discovery JuxtaComm possessed for long before the deadline.  Supplementation is meant to allow corrections and alterations based on *new* information, not to give delinquent parties a second chance to meet their deadlines.

For these reasons, Lawson respectfully requests that the Court deny JuxtaComm's Motion to Supplement Dansky's Expert Report.

Dated: August 30, 2011.  Respectfully submitted,

*/s/ Paul E Torchia*

Josh A. Krevitt
Paul E. Torchia
Steven Michael Kalogeras
Gibson Dunn & Crutcher - NYC
200 Park Ave., 48th Floor
New York, NY 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
jkrevitt@gibsondunn.com
ptorchia@gibsondunn.com
skalogeras@gibsondunn.com

Mark N. Reiter
Texas Bar No. 16759900
Mandy Pezzano
Texas Bar No. 24074886
Gibson Dunn & Crutcher – Dallas
2100 McKinney Avenue
Suite 1100
Dallas, TX 75201-6912
Telephone: (214) 698-3100
Facsimile: (214) 571-2900
mreiter@gibsondunn.com
mpezzano@gibsondunn.com

Otis W. Carroll, Jr.
Texas Bar No. 03895700
Ireland Carroll & Kelly
6101 S. Broadway
Suite 500
Telephone: 903.561.1600
Facsimile: 903.582.1071
ocarroll@icklaw.com

***Counsel for Defendants Lawson Software, Inc.
and Lawson Software Americas, Inc.***

## **CERTIFICATE OF SERVICE**

I certify that the foregoing document was filed electronically on August 30, 2011 pursuant to Local Rule CV-5(a) and has been served on all counsel of record who have consented to electronic service.

>  */s/ Paul E. Torchia*
>  Paul E. Torchia