IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **JUXTACOMM-TEXAS SOFTWARE, LLC,** | CIVIL ACTION NO. 6:10-CV-00011 (LED) |
| **PLAINTIFF** | JURY DEMANDED |
| vs. | |
| **AXWAY, INC., et al.** | |
| **DEFENDANTS** | |

**LAWSON'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE THE DAMAGES EXPERT REPORT OF MICHAEL DANSKY AND TO PRECLUDE JUXTACOMM FROM INTRODUCING DAMAGES EXPERT TESTIMONY RELATING TO LAWSON AT TRIAL**

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... - 1 -

II. ARGUMENT .................................................................................................................. - 2 -

    A. There is No Dispute That JuxtaComm Disregarded the Expert Report Deadline Without Attempting to Notify Lawson or Seek Leave of Court ....................................................... - 2 -

    B. JuxtaComm Does Not Dispute That it Could Have Served a Timely Report With a Royalty Rate and Damages Number ................................................................................... - 4 -

    C. Because JuxtaComm Has No Justification For its Conscious Decision to Disregard the Expert Report Deadline, Preclusion is Justified .................................................................. - 5 -

III. CONCLUSION ............................................................................................................... - 5 -

## TABLE OF AUTHORITIES

**Cases**

*Arizmendi v. Orc Arizmendi*,
  No. B-06-125, 2007 WL 1672120 (S.D. Tex. June 7, 2007) .................................................... 2

*Barrett v. Atlantic Richfield Co.*,
  95 F.3d 375 (5th Cir. 1996) ....................................................................................................... 5

*Kirk v. Provident Life & Accident Ins. Co.*,
  No. 4:00-CV-1792, 2002 U.S. Dist. LEXIS 28195 (N.D. Tex. Feb. 19, 2002) ......................... 4

*Rushing v. Kansas City Southern Ry.*,
  185 F.3d 496 (5th Cir. 1999) ..................................................................................................... 5

*STMicroelectronics, Inc. v. Motorola, Inc.*,
  307 F. Supp. 2d 845 (E.D. Tex. 2004) ...................................................................................... 2

## I. INTRODUCTION

In its opening brief Lawson showed that JuxtaComm failed to disclose a complete damages expert report in accordance with this Court's Discovery Order and Docket Control Order. In its opposition, JuxtaComm does not dispute any of the core facts set forth in Lawson's motion. Indeed, JuxtaComm admits that its damages report does not contain a damages number or a royalty rate applicable to Lawson as required by the Federal Rules. JuxtaComm further concedes that its only reason for refusing to disclose this information was that JuxtaComm was purportedly unhappy with Lawson's damages production—an excuse which this Court has repeatedly held that it does not recognize. JuxtaComm admits, in any event, that it knew that Lawson's damages production was complete in April of 2011, and that JuxtaComm never raised any of these supposed discovery deficiencies, with either Lawson or the Court, until after the August 5, 2011, Expert Report deadline had passed. Finally, JuxtaComm acknowledges, by attempting to serve a supplemental report based on no more information than it had a month ago, that JuxtaComm could have—regardless of its purported concerns about Lawson's production—included a damages number and a royalty rate in its initial report.

JuxtaComm made a knowing, tactical decision to disregard this Court's Docket Control Order and to withhold timely disclosure of its damages theory. Lawson has been severely prejudiced as a consequence. For these reasons, Lawson respectfully requests that the Court grant its motion to strike Mr. Dansky's report, and preclude JuxtaComm from offering damages expert testimony at trial.

## II. ARGUMENT

### A. There is No Dispute That JuxtaComm Disregarded the Expert Report Deadline Without Attempting to Notify Lawson or Seek Leave of Court

There is no dispute that JuxtaComm failed to serve a complete expert report in accordance with the Discovery Order, the Docket Control Order, and the Federal Rules of Civil Procedure. JuxtaComm attempts to excuse its refusal to comply with the deadline, or seek timely relief from that deadline from the Court, by complaining about supposed deficiencies with Lawson's production of damages documents. As Lawson explained in its motion, this Court has expressly ordered in this case, and held in other cases, that a party may not excuse its own failure to comply with a disclosure deadline by complaining about the disclosure of an adversary. *See* Discovery Order at ¶ 14, Docket No. 295 ("No Excuses"); *see also, e.g., STMicroelectronics, Inc. v. Motorola, Inc.*, 307 F. Supp. 2d 845, 853 (E.D. Tex. 2004) (stating that "the Court will not allow litigants to ignore its orders…[p]arties are not free to disregard rules of procedure or orders of this Court"). Lawson's motion should be granted on that basis alone, even if JuxtaComm's unfounded complaints about Lawson's production were to be accepted at face value.[1]

JuxtaComm's own brief shows, in any event, that its discovery complaints are recent fabrications that it never before raised to Lawson or this Court. Indeed, JuxtaComm has conceded that it knew that Lawson's production of damages documents was complete in April of 2011. Opp. at 2-4, 7. By admitting that it did not raise any of its damages discovery complaints

---

[1] JuxtaComm cites only one case in support of the proposition that its failure to serve a timely expert report is excusable in light of JuxtaComm's "lack of information" from an adversary. *See* Opp. at 8 (citing *Arizmendi v. Orc Arizmendi*, No. B-06-125, 2007 WL 1672120, at *3 (S.D. Tex. June 7, 2007)). That case is highly distinguishable because the plaintiff in that case both notified the defendant and the Court, before the deadline had passed, that it would have difficulty meeting the deadline, and because the plaintiff worked diligently in attempting to secure the information it lacked in advance of the deadline. JuxtaComm did neither of these things in the present case.

- 3 -

from that time until the time it served its incomplete August 5, 2011, expert report (*Id*. at 5), JuxtaComm also admits its lack of diligence. In addition, JuxtaComm concedes that the parties held discovery conferences in July of 2011, for the precise purpose of clearing all discovery issues in advance of reports, and that JuxtaComm never raised any of these issues at that time. *Id*. at 7. Finally, JuxtaComm does not dispute that it never gave Lawson any advance notice that it did not have sufficient information to serve a complete report before the expert report deadline, but rather elected unilaterally to serve a report with no damages theory or damages number.

JuxtaComm's attempts to explain why it did not raise these discovery issues in advance of serving its reports are without support in the record. JuxtaComm argues that it did not know that it was missing these supposedly critical damages documents until JuxtaComm took Mr. Kilmer's deposition on August 4, 2011, the day before Mr. Dansky's initial report was due. *Id*. at 2, 4-5. That argument does not make sense even on its face—there is no way that Mr. Dansky could have been oblivious to the fact that he allegedly lacked key documents that he now claims he needed to render even the most basic opinion on damages all the way up to the day before his report was due. Moreover, JuxtaComm does not offer a shred of record support for its repeated assertion that Mr. Kilmer identified documents that Lawson's prior counsel had told JuxtaComm did not exist.

Most importantly, JuxtaComm never—not anywhere in its fifteen page opposition—attempts to explain why it elected unilaterally to refuse to disclose a damages theory, rather than notify Lawson that it could not timely serve a complete report or contact the Court and seek relief from the expert report deadline. If JuxtaComm truly believed that Mr. Kilmer's deposition raised some new production issue that JuxtaComm was not aware of, it could have and should have done so. Instead, JuxtaComm allowed the expert report deadline to pass, and did not even

raise the alleged deficiencies brought to light in Mr. Kilmer's deposition as a basis for doing so until August 17, 2011, well after Lawson had notified JuxtaComm of its intent to file this motion.[2]

### B. JuxtaComm Does Not Dispute That it Could Have Served a Timely Report With a Royalty Rate and Damages Number

There is no dispute that JuxtaComm could have served a timely damages expert report complete with a royalty rate and a damages number applicable to Lawson at the time its initial expert report was due. Indeed, JuxtaComm has now submitted a proposed "supplemental" report including this information, even though Lawson has not produced any additional damages documents since long before the August 5, 2011, expert report deadline had passed. *See* Opp. at 5-6, fn 8.[3] That fact alone demonstrates that JuxtaComm's sole asserted justification for failing to meet this deadline—that Mr. Dansky lacked documents from Lawson that he needed to calculate a royalty rate—is complete fiction.

JuxtaComm's proposed "supplemental" report would not, as JuxtaComm suggests, alleviate the extreme prejudice that Lawson has already suffered and will continue to suffer without the assistance of the Court. This case is headed towards a January 9, 2011, trial, and there is not time in the schedule for Lawson to respond to a late expert report. Moreover, JuxtaComm has suggested that even this report is incomplete, and that it will supplement it again in the future, forcing Lawson to respond to yet another untimely report. Opp at 5-6.

---

[2] Opp. at 5; Lawson email to JuxtaComm dated August 15, 2011 (Exh. 8 of the Declaration of Mandy Pezzano in support of Lawson's Motion to Strike).

[3] This report is not a supplemental report at all because it is not based on new information that was unavailable to JuxtaComm at the time that Mr. Dansky's first report was served. Rather, the report is is nothing more than an untimely amended report, for which there is no provision in this Court's Docket Control Order or the Federal Rules. *See Kirk v. Provident Life & Accident Ins. Co.*, No. 4:00-CV-1792, 2002 U.S. Dist. LEXIS 28195, at *9-10 (N.D. Tex. Feb. 19, 2002).

### C. Because JuxtaComm Has No Justification For its Conscious Decision to Disregard the Expert Report Deadline, Preclusion is Justified

Because JuxtaComm refused to comply with the expert report deadline and did so deliberately and without justification, preclusion is an appropriate remedy. JuxtaComm argues that it would be a "clear abuse of discretion" for the Court to strike Mr. Dansky's report and preclude him from testifying under these circumstances. Opp. at 13. That is not an accurate statement of the law.

The Courts of the Fifth Circuit have long held that preclusion is an appropriate remedy for unjustified failures to comply with a Court-ordered disclosure. In *Rushing v. Kansas City Southern Ry.*, for example, the Court upheld the exclusion of expert witness testimony that was not disclosed in a timely fashion even where the import of such testimony was "undeniable," and even though a continuance would ameliorate the prejudice to the other party. 185 F.3d 496, 509 (5th Cir. 1999). The Court explained that allowing the expert to testify would "fail[] to sanction" the party missing the discovery deadline. *Id*. Similarly, in *Barrett v. Atlantic Richfield Co.*, a case upon which JuxtaComm relies (Opp. at 6), the court affirmed exclusion of important damages expert testimony even though "the district court might have ordered a continuance in order to cure any prejudice to the [offending party]." 95 F.3d 375, 381 (5th Cir. 1996). The Court explained that exclusion was proper because "a continuance does not, in and of itself, deter future dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders." *Id*. (internal quotations omitted). The same rationale applies to the present case, where JuxtaComm knowingly and without justification refused to comply with the deadline.

### III. CONCLUSION

For all of the forgoing reasons, Lawson requests that this Court grant this motion and preclude JuxtaComm from introducing damages expert testimony at trial.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: August 31, 2011 | /s/ Mark N. Reiter |
|  | Mark N. Reiter |
|  | Josh A. Krevitt<br>Paul E. Torchia<br>Steven M. Kalogeras<br>Gibson Dunn & Crutcher - NYC<br>200 Park Ave., 48th Floor<br>New York, NY 10166<br>Telephone: (212) 351-4000<br>Facsimile: (212) 351-4035<br>jkrevitt@gibsondunn.com<br>ptorchia@gibsondunn.com<br>skalogeras@gibsondunn.com |
|  | Mark N. Reiter<br>Texas Bar No. 16759900<br>Mandy Pezzano<br>Texas Bar No. 24074886<br>Gibson Dunn & Crutcher – Dallas<br>2100 McKinney Avenue<br>Suite 1100<br>Dallas, TX 75201-6912<br>Telephone: (214) 698-3100<br>Facsimile: (214) 571-2900<br>mreiter@gibsondunn.com<br>mpezzano@gibsondunn.com |
|  | Otis W. Carroll, Jr.<br>Texas Bar No. 03895700<br>Ireland Carroll & Kelley<br>6101 S. Broadway<br>Suite 500<br>Tyler, TX 75703<br>Telephone: 903.561.1600<br>Facsimile: 903.581.1071<br>Fedserv@icklaw.com |
|  | ATTORNEYS FOR DEFENDANTS<br>LAWSON SOFTWARE, INC. AND<br>LAWSON SOFTWARE AMERICAS, INC. |

**CERTICATE OF SERVICE**

I certify that the foregoing document was filed electronically on August 31, 2011 pursuant to Local Rule CV-5(a), and has been served on all counsel of record who have consented to electronic service.

/s/ *Mark N. Reiter*
Mark N. Reiter