IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JUXTACOMM-TEXAS SOFTWARE, LLC, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | Civil Action No. 6:10-CV-00011-LED |
| | § | |
| AXWAY, INC., et al., | § | **JURY DEMAND** |
| | § | |
| DEFENDANTS. | § | |

## PLAINTIFF'S EMERGENCY MOTION FOR A CASE MANAGEMENT CONFERENCE

Plaintiff JuxtaComm Technologies, Inc. ("JuxtaComm") moves for an immediate Case Management Conference to resolve discovery disputes with Lawson Software, Inc. and Lawson Software Americas, Inc. (collectively, "Lawson"). Specifically, Lawson has refused to provide access to functioning versions of the Accused Products. Given that the close of discovery has arrived and that Lawson has repeatedly ignored JuxtaComm's attempts at resolving this issue, JuxtaComm is left with no choice but to seek this Court's intervention.

**I.  LAWSON'S FAILURE TO PROVIDE ACCESS TO THE ACCUSED PRODUCTS**

For over nine months, JuxtaComm has repeatedly requested that Lawson produce the Accused Products in the same form as it provides to its customers, with all of the necessary software and installation manuals. JuxtaComm rightfully seeks this discovery to examine the Accused Products as it relates to JuxtaComm's claims of infringement. Lawson and JuxtaComm have corresponded numerous times and held several telephone conferences on this issue.[1] In

---

[1] *See e.g.,* Ex. A (December 10, 2010 – Communication to Lawson requesting production of executable files); Ex. B (January 4, 2011 – Meet and confer during which Lawson agreed to produce executables for all

response to reach request, Lawson has either responded that it "will consider" the request or that it has already fulfilled its discovery obligations.[2]

Rather than producing the Accused Products in a customer-ready form, Lawson produced *some* components of the Accused Products and *some* installation guides without identifying how the software corresponds to the installation guides. In fact, Lawson even refuses to identify the operating system on which the produced software will properly run. Such piecemeal production has forced JuxtaComm to spend over 100 hours and incur great expense to reverse engineer Lawson's production and experiment with different installation methods, all to no avail. JuxtaComm is still missing basic software components and installation information to enable it to complete the installation process.

Due to Lawson's dilatory tactics, JuxtaComm is left with precious little time to gain access to the Accused Products and has been severely prejudiced. JuxtaComm therefore requests that this Court order Lawson to provide JuxtaComm access to the Accused Products operating on Lawson's own systems. Surely Lawson has provided such access to its expert[3] or others involved in preparing its case. JuxtaComm merely seeks this same access. In the alternative, JuxtaComm requests that this Court order Lawson to immediately produce the Accused Products

---

versions of the accused products by January 18, 2011); Ex. C (April 8, 2011 – Communication notifying Lawson of delinquent executable production and requesting production by April 12, 2001); Ex. D (April 21, 2011 – Communication requesting a meet and confer regarding executable production); Ex. E (June 16, 2011 – Telephone conference outlining issues with Lawson's executable production and offering Lawson the option of making available a computer preloaded with the Accused Products); Ex. F (June 17, 2011- Telephone conference specifying components missing from Lawson production that are required to enable standard functionality and explaining how JuxtaComm has been prejudiced by the deficient production); Ex. G (July 20, 2011 – Communication listing missing executable files and other discovery deficiencies, while requesting meet and confer); Ex. H (July 29, 2011 – Telephone conference again detailing the obstacles to installing the Accused Products, requesting confirmation of what versions of the Accused Products had been produced, and requesting identification of the supported operating systems for the Accused Products); Ex. I (October 4, 2011 – Communication requesting meet and confer regarding issues in this motion).

[2] *See e.g.,* Exs. J and K.

in the same format as it does for its customers, including all necessary software, installation information, and consultative services if necessary so that JuxtaComm can complete the installation.

## II. CONCLUSION

Despite JuxtaComm's numerous attempts over the past nine months to resolve this issue, Lawson continues with its dilatory tactics. Lawson's willful noncompliance with their discovery obligations can be tolerated no longer. Therefore, JuxtaComm respectfully requests a Case Management Conference so that this dispute can be resolved and the parties can continue to prepare for the January 9, 2012 trial date.

Dated: October 7, 2011

Respectfully Submitted,

**Akin Gump Strauss Hauer & Feld LLP**

/s/ R. Laurence Macon
R. LAURENCE MACON
State Bar No. 12787500
lmacon@akingump.com
KIRT S. O'NEILL
State Bar No. 00788147
koneill@akingump.com
MELANIE G. COWART
State Bar No. 04920100
mcowart@akingump.com
300 Convent Street, Suite 1600
San Antonio, Texas 78205-3732
Telephone: (210) 281-7000
Fax: (210) 224-2035

MICHAEL L. KIKLIS

---

[3] Based on a reading of Lawson's expert report, it is unclear whether Lawson's expert, Dr. Faillace, has had access to the accused products.

District of Columbia Bar No. 462690
Robert S. Strauss Building
1333 New Hampshire Avenue, NW
Washington, DC 20036-1564
Telephone: (202) 887-4000
Fax: (202) 887-4288

– and –

**LOCAL COUNSEL**

T. JOHN WARD, JR.
**WARD & SMITH LAW FIRM**
P.O. Box 1231
Longview, Texas 75606-1231
Telephone:  (903) 757-6400
Fax:  (903) 757-2323
jw@jwfirm.com

**ATTORNEYS FOR PLAINTIFF**
**JUXTACOMM-TEXAS SOFTWARE, LLC**

## **CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that counsel for Plaintiff JuxtaComm Technologies, Inc. has unsuccessfully attempted to comply with the meet and confer requirement in Local Rule CV-7(h) for the Emergency Motion for Case Management Conference. Meet and confer requests were made on July 20, 2011 and October 4, 2011. Lawson has yet to respond, other than to reply via email that is resolved all discovery disputes.

Fact discovery in this case ends on October 7, 2011. Lawson has not voluntarily complied with discovery and appears to be avoiding our request to participate in a formal meet and confer. Consequently, the parties are at an impasse, leaving an open issue for the Court to resolve. We are willing to continue to try to meet and confer with Lawson on these issues but can no longer delay bringing this matter to the Court's attention.

_____
R. LAURENCE MACON

**CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this Response was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(b)(1).  Pursuant to Fed. R. Civ. P. 5(a)-(d) and Local Rule CV-5(b)(2), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 7th day of October, 2011.

_____
R. LAURENCE MACON