IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JUXTACOMM-TEXAS SOFTWARE, LLC | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | Civil Action No. 6:10-CV-00011-LED |
| | § | |
| AXWAY, INC., *et al*, | § | **JURY DEMAND** |
| | § | |
| DEFENDANTS. | § | |

## PLAINTIFF'S MOTION TO STRIKE
## THE EXPERT REPORT OF DAVID MCGOVERAN

The Docket Control Order and the Discovery Order in this case instruct the Defendants to serve expert reports on invalidity on August 5, 2011 and limit the Defendants to a total of four experts on the subject of invalidity. Pervasive violated both of these Orders. David McGoveran, Pervasive's expert on non-infringement, improperly and inexplicably loaded his September 19, 2011 non-infringement report with invalidity opinions. He provided these opinions six weeks after the deadline for invalidity expert reports and he constitutes an impermissible fifth invalidity expert. Mr. McGoveran's report is also superfluous because Pervasive previously served an invalidity report by another expert who gave his opinion on the same prior art as McGoveran. For all these reasons, the Court should strike McGoveran's expert report.

## I.  BACKGROUND

McGoveran's report of September 19, 2011, though styled a "non-infringement" report, is overwhelmingly dominated by opinions on invalidity.[1] The report repeatedly argues that JuxtaComm's '662 patent was rendered obvious or anticipated by the very same prior art

---

[1] Ex. A (Rebuttal Expert Report of David McGoveran on Pervasive Software Inc.'s Products)

references discussed by Pervasive's invalidity expert, Colin White, in his report on August 5, 2011.[2] As an example, McGoveran writes: "All the elements of the '662 patent were practiced prior to 1996 for the purpose of data movement and transformation."[3] This is undeniably an invalidity opinion, not a non-infringement opinion.

McGoveran's report is replete with such opinions on validity. Attached as Exhibit B is a chart containing 29 examples from the "non-infringement" report where McGoveran clearly gives an opinion on invalidity. Indeed, invalidity opinions like these, and the explanatory text surrounding them, make up the majority of the first 72 pages of McGoveran's 93-page report. McGoveran spends a scant 16 pages of his 93-page report discussing why he thinks the Pervasive products do not infringe.[4]

The essential purpose of McGoveran's report is to attack the '662 patent's validity, as demonstrated by how often McGoveran addresses the validity report of JuxtaComm's expert, Dr. Rudd, and how rarely he addresses Dr. Rudd's infringement analysis. In the first 72 pages alone, McGoveran cites to Dr. Rudd's rebuttal report on validity 63 times. In contrast, McGoveran cites to Dr. Rudd's opening report on infringement only 28 times in the entire report. Even in the 16 pages of his report purportedly devoted to infringement, McGoveran sets forth numerous opinions on invalidity.[5]

## II. ARGUMENT

McGoveran's report violates both the Court's Docket Control Order setting out the timing and sequence for issuing expert reports and the Court's Discovery Order limiting the number of

---

[2] These references include DBMS Copy Plus, the Coleman patent, InfoPump, and Data Junction v 5.0.
[3] Ex. A, McGoveran Report, ¶ 109, p. 39.
[4] Ex. A, McGoveran Report, ¶¶ 244-328, pp. 74-91.
[5] *E.g.* "Dr. Rudd cites [RV:47] the Examiner's opinion in the reexamination of the '662 as evidence that InfoPump does not have a rule processor, and agrees with the Examiner. I disagree." Ex. A, McGoveran Report, ¶¶ 248-249, p. 76.

invalidity experts allowed by Defendants. The Court should strike McGoveran's report for violating both of these orders.

### A. Mr. McGoveran's Invalidity Opinions Blatantly Disregard the Established Timing and Order for Expert Reports

McGoveran's report violates the timing and sequence set out in the Court's Docket Control Order for providing expert reports related to invalidity. Under Fed. R. Civ. P. 26(a)(2)(D), expert reports must be provided "at the times and in the sequence that the court orders." The Docket Control Order, as amended, sets out the following timeline for expert reports:

| Event | Deadline |
| --- | --- |
| Pervasive issues opening report on invalidity; JuxtaComm issues opening report on infringement. | August 5, 2011 [6] |
| JuxtaComm issues a rebuttal validity report. | September 2, 2011 [7] |
| Pervasive issues a rebuttal report on non-infringement. | September 19, 2011 [8] |

The invalidity opinions in McGoveran's "non-infringement" report of September 19 are not only six weeks past the deadline for Pervasive's invalidity report, but also allow Pervasive to have both the first and last word on the issue of validity, including numerous prior art references and combinations. This defies the Court's Order on both the timing and the sequence for providing expert invalidity opinions. Any invalidity arguments Pervasive wished to raise should

---

[6] Order Granting Defendants' Unopposed Motion for Leave to Amend the Docket Control Order, Docket No. 604 at p. 2.

[7] Order Granting Defendant Pervasive Software Inc.'s Unopposed Motion to Amend the Docket Control Order, Docket No. 622.

[8] Order Granting Defendants' Unopposed Motion for Leave to Amend the Docket Control Order, Docket 604 at p. 2.

have been included in its August 5, 2011 report.[9] Now, because of the schedule laid out in the Docket Control Order, JuxtaComm's expert has no opportunity to respond to the invalidity issues McGoveran raised in his September 19, 2011 report.

### B. The Defendants Have Already Designated the Maximum Number of Invalidity Experts They Are Allowed

If McGoveran is allowed to provide opinions on invalidity, the Defendants will exceed the number of invalidity experts allowed by the Discovery Order. "Defendants may collectively designate up to 4 total experts on invalidity and unenforceability."[10] Prior to the disclosure of McGoveran's report, Defendants collectively designated all four invalidity experts allowed by the Discovery Order: Dr. Earl Sacerdoti, Dr. Dale Skeen, Dr. Craig Thompson, and Mr. Colin White.

Pervasive should not be allowed to circumvent the Court's Discovery Order by calling McGoveran a non-infringement expert and then having him provide invalidity opinions. Introducing additional invalidity experts at this late date will further increase the cost of this litigation because JuxtaComm would need to take additional depositions and produce additional rebuttal expert reports. The Defendants already have four experts on invalidity, including one (Colin White) who was retained by Pervasive to give his opinion. Pervasive should not be allowed to introduce another one through the back door.

---

[9] Fed. R. Civ. P. 26(a)(2) requires that a party's expert report contain "a *complete* statement of all opinions the witness will express and the basis and reasons for them" (emphasis added). Mr. McGoveran is effectively trying to supplement Mr. White's August 5, 2011 report by providing additional invalidity arguments in the non-infringement report. Allowing this sort of sneaky supplementation would thwart Rule 26(a)(2)'s requirement that the expert report be a *complete* statement of all the witness's opinions.

[10] Discovery Order, August 5, 2010, Docket No. 295, ¶ 4(E).

### C. Pervasive Will Not Be Prejudiced by the Requested Relief

Pervasive will not be prejudiced by striking McGoveran's report because Pervasive already has an invalidity expert. Pervasive retained Mr. Colin White to provide a report on invalidity, and that report was timely served on August 5, 2011. White's report provides an invalidity opinion based on prior art references known as Data Junction 5.0, DBMS Copy Plus, the Coleman '828 patent, and InfoPump. These are the very same prior art references McGoveran uses as the basis for his invalidity opinions. Striking McGoveran's report will have no effect on White's invalidity report or White's ability to provide expert testimony on invalidity at trial.

### III. CONCLUSION

McGoveran's expert report introduces expert invalidity opinions in violation of the Court's Discovery Order and Docket Control Order. Because of this, the Court should GRANT Plaintiff's Motion to Strike the Expert Report of David McGoveran. In the alternative, the Court should allow Plaintiff additional time to depose McGoveran and the opportunity for JuxtaComm's expert to respond to the invalidity arguments in McGoveran's non-infringement report.

Date: October 11, 2011

**Akin Gump Strauss Hauer & Feld LLP**

R. LAURENCE MACON
State Bar No. 12787500
lmacon@akingump.com
KIRT S. O'NEILL
State Bar No. 00788147
koneill@akingump.com
MELANIE G. COWART
State Bar No. 04920100
mcowart@akingump.com
300 Convent Street, Suite 1600
San Antonio, Texas 78205-3732

Telephone: (210) 281-7000
Fax: (210) 224-2035

MICHAEL L. KIKLIS
District of Columbia Bar No. 462690
Robert S. Strauss Building
1333 New Hampshire Avenue, NW
Washington, DC 20036-1564
Telephone: (202) 887-4000
Fax: (202) 887-4288

– and –

**LOCAL COUNSEL**

T. JOHN WARD, JR.
**WARD & SMITH LAW FIRM**
P.O. Box 1231
Longview, Texas 75606-1231
Telephone: (903) 757-6400
Fax: (903) 757-2323
jw@jwfirm.com

**ATTORNEYS FOR PLAINTIFF
JUXTACOMM-TEXAS SOFTWARE, LLC**

### CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

The undersigned certifies that under Local Rule CV-5(a)(7)(A), Exhibits A and B to the foregoing document are filed under seal pursuant to the Protective Order (Dkt. No. 404), entered in this case.

_____
R. LAURENCE MACON

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this Motion was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(b)(1). Pursuant to Fed. R. Civ. P. 5(a)-(d) and Local Rule CV-5(b)(2), all other counsel or record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 11th day of October 2011.

R. LAURENCE MACON

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), the undersigned certifies that: (1) counsel has complied with the meet and confer requirement in Local Rule CV-7(h); and (2) this motion is opposed. Wesley Hill, Kirt O'Neill, Melanie Cowart, and Andy Rosbrook, counsel for Plaintiff JuxtaComm, communicated with Chad Huston and Stacy Zoern, counsel for Defendant Pervasive, on October 6, 2011 at 2:30 p.m., via a telephonic conference. An agreement between the parties could not be reached because the parties disagree as to whether Mr. McGoveran's expert report improperly contained invalidity arguments. Therefore, the discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve.

R. LAURENCE MACON