# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **JUXTACOMM-TEXAS SOFTWARE, LLC,** | CIVIL ACTION NO. 6:10-CV-00011 (LED) |
| **PLAINTIFF** | JURY DEMANDED |
| vs. | |
| **AXWAY, INC., et al.** | |
| **DEFENDANTS** | |

# DEFENDANTS LAWSON SOFTWARE, INC. AND LAWSON SOFTWARE AMERICAS, INC.'S OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION FOR A CASE MANAGEMENT CONFERENCE

I.   **INTRODUCTION**

Plaintiff JuxtaComm-Texas Software, LLC ("JuxtaComm") has framed an unsupported motion to compel against the Lawson Defendants, for which no proper meet and confer session occurred, as an "emergency motion for a case management conference." *See* Dkt. No. 744. But there is no emergency, and there is no basis for a motion to compel.

JuxtaComm incorrectly asserts in its motion that Lawson has refused to comply with JuxtaComm's requests for executable copies of the accused Lawson software. In fact, Lawson produced copies of the accused software, along with installation guides and user manuals, many months ago. Lawson also supplemented its production with additional releases of the accused products when JuxtaComm more recently requested versions that were compatible with a different operating system. In addition, by incorporating a file generated through the use of the accused software in his report alleging infringement, JuxtaComm's expert has demonstrated that JuxtaComm does not lack operational software and that there is no "emergency."

That no emergency exists is also evidenced by the more than two months of silence that preceded JuxtaComm's abrupt filing of this motion. After those months of silence, JuxtaComm sent Lawson a letter complaining that it had never successfully installed the accused software and demanding access to either (1) an "operational testing environment" running the accused products at Lawson's facilities or (2) Lawson personnel to provide "consultative services" on JuxtaComm's installation and use of the accused software. Three days later, despite Lawson's prompt written response to the letter, JuxtaComm filed the present motion without even attempting to hold a telephonic or in-person conference with Lawson's lead and local counsel as required under the Local Rules.

Lawson remains willing to provide JuxtaComm with any additional copies of the accused software products or installation guides that JuxtaComm requests. However, Lawson is not

obligated to provide JuxtaComm with an "operational testing environment," nor is Lawson obligated to provide its employees as consultants to JuxtaComm. If JuxtaComm had questions regarding the software, it had every opportunity to notice a deposition and ask questions as permitted by the Federal and Local Rules, yet JuxtaComm never noticed such a deposition on these issues. JuxtaComm cites to no authority—in this district or any other—supporting either of its demands or that permits a party to circumvent the discovery procedures delineated by the Rules.

For the foregoing reasons, JuxtaComm's "emergency" motion should be denied.

## II.     FACTUAL BACKGROUND

Lawson first produced executable copies of the accused products several months ago in May 2011.[1] Lawson also produced installation guides several months ago.[2] Nearly a month after these executables were produced, on June 9-10, 2011, Lawson produced its Rule 30(b)(6) witness who was designated on topics concerning the design, function, and operation of the accused software. During this two-day examination, JuxtaComm never asked questions regarding any specific installation issues. In the months since this deposition, JuxtaComm never noticed or requested any depositions concerning the installation of the accused products.

In late July 2011, JuxtaComm and Lawson conducted a teleconference to discuss the Lawson software that had been produced. During that teleconference and in the follow-up correspondence, JuxtaComm acknowledged Lawson's production, but contended that it was still

---

[1] *See* Exh. 1 (May 13, 2011 letter from Lawson's counsel enclosing production). Citations in the form of "Exh. _" in this brief refer to the exhibits attached to the Declaration of Steven Kalogeras.

[2] *See* Exh. 2 (June 22, 2011 letter from Lawson's counsel enclosing supplemental production and addressing software issues).

having trouble installing the accused software.[3] JuxtaComm noted that it was using a 64-bit operating system, and requested that Lawson produce 64-bit versions of the accused products to supplement the versions that previously had been produced.[4] Lawson complied with this request and subsequently located and produced 64-bit versions, to the extent they existed.[5]

Between the discussions in late July and Lawson's supplemental software production, JuxtaComm served its expert report on alleged infringement without qualification or complaint regarding any software installation issues. Specifically, in August 2011, JuxtaComm served its expert infringement report; nowhere in the report did JuxtaComm's expert, Dr. Rudd, state that he was unable to analyze any of the accused products because of installation problems or other technical issues. Nor did JuxtaComm tell Lawson when it served the report that Dr. Rudd was unable to fully test or operate the software. To the contrary, in his report, Dr. Rudd relied on an XML file that he appears to have generated during his use of the accused software programs—a point JuxtaComm confirmed when it told Lawson that the XML file was created "as part of **the normal operation** of the program."[6]

After the correspondence in late July 2011, and while it was preparing Dr. Rudd's report and receiving Lawson's supplemental software production, JuxtaComm did not contact Lawson again regarding these software issues. Indeed, it was not until October 4, 2011—more than two months after the July discussions—that JuxtaComm suddenly resurrected its software installation

---

[3] *See* Dkt. No. 744 (JuxtaComm Motion) at Ex. H (July 29, 2011 letter from JuxtaComm's counsel regarding the parties' teleconference on software issues).

[4] *See id*.

[5] *See* Exh. 4 (September 2, 2011 cover letter enclosing Lawson's production of 64-bit executables) and Exh. 5 (September 20, 2011 cover letter enclosing Lawson's additional production of 64-bit executables).

[6] *See* Exh. 3 (August 30, 2011 email from JuxtaComm's counsel regarding Dr. Rudd's use of the accused software programs) (emphasis added).

issues, and JuxtaComm acknowledges as much in its Certificate of Conference. JuxtaComm did so by letter, in which it demanded (1) an "operational testing environment" at Lawson's facilities running the accused products or (2) a new production of the accused software along with access to Lawson personnel to provide "consultative services."[7]

Lawson promptly responded to JuxtaComm's letter and reiterated that Lawson has produced all of the software that JuxtaComm had previously requested. Lawson also made clear in its response that it is not obligated to build an "operational testing environment" or provide Lawson employees to aid JuxtaComm in its analysis of the accused products.[8] The next evening, JuxtaComm sent a one-sentence email response on the issue, stating "we have no choice but to seek court intervention."[9] Just minutes after sending this terse response, and without even proposing times for a conference or trying to call Lawson's counsel, JuxtaComm filed the present motion.[10]

### III. ARGUMENT

#### A. JuxtaComm Failed To Comply With The Meet And Confer Requirements Under the Local Rules And Unilaterally Filed This Unnecessary Motion

JuxtaComm filed this motion without first holding either a telephonic or in-person conference with Lawson's counsel, as is required under the Local Rules. On that basis alone, the Court should deny JuxtaComm's motion. Over the months that passed since the parties' July discussions, JuxtaComm had every opportunity to discuss with Lawson the precise materials it

---

[7] *See* Dkt. No. 744 (JuxtaComm Motion) at Ex. I (October 4, 2011 letter from JuxtaComm's counsel regarding installation issues).

[8] *See* Exh. 6 (October 6, 2011 email from Lawson's counsel responding to JuxtaComm's October 4, 2011 letter).

[9] *See* Exh. 7 (October 7, 2011 email from JuxtaComm's counsel declaring an impasse).

[10] *See* Exh. 9 (October 7, 2011 from Lawson's counsel regarding the present motion).

felt it still needed and what specific technical issues it was experiencing.[11] As explained above, JuxtaComm made no such efforts, and the present motion clearly does not comport with the meet and confer requirements of the Local Rules.

>    B.   **Lawson Produced All Of The Software In Its Possession That JuxtaComm Requested And JuxtaComm Has Not Acted Diligently**

This motion is not necessary because Lawson has already produced all of the software and installation guides that JuxtaComm requested, to the extent they still exist. JuxtaComm does not identify any specific accused products, versions, or releases in Lawson's possession that it has refused to produce. Nor has JuxtaComm submitted a declaration or any other evidence that identifies the alleged issues associated with Lawson's production. JuxtaComm, moreover, fails to explain why it failed to serve a deposition notice on Lawson that sought information regarding the installation or operation of the software that was produced during the discovery period. JuxtaComm also never attempts to reconcile how its technical expert was able to analyze and generate files from the accused software as part of his expert report while at the same time claiming that it has not been able to install the software. JuxtaComm's silence on these points, as well as its silence over the past two months, unquestionably demonstrates the lack of any diligence JuxtaComm exercised on this so-called "emergency" issue.

>    C.   **Lawson Is Not Required To Make Its Employees Available To JuxtaComm For Informal Consulting Sessions Regarding the Accused Products**

Respectfully, the Court must deny JuxtaComm's demand that Lawson provide

---

[11] In both JuxtaComm's motion and its October 4, 2011 letter, JuxtaComm states that it is "unclear" whether Lawson's technical expert, Dr. Faillace, was provided with copies of the accused software. *See* Dkt. No. 744 (JuxtaComm Motion) at fn. 3 and at Ex. I, p. 2. Had JuxtaComm actually spoken with Lawson before filing this motion, it could have learned that Dr. Faillace had used essentially the identical files Lawson had previously produced to JuxtaComm and that Lawson had recently produced the precise executable files Dr. Faillace had viewed. *See* Exh. 8 (Oct. 7 letter from Lawson's counsel).

JuxtaComm with (1) an "operational testing environment" at a Lawson facility or (2) a new production of the accused software along with access to Lawson personnel who can provide "consultative services" on the installation and use of the products. As to the first demand, and as Lawson explained to JuxtaComm months ago, Lawson has no standalone testing or demonstration facility at which the accused products are installed,[12] and JuxtaComm identifies no authority that would compel Lawson to build or create such a facility. As to the next demand, Lawson has already produced all of the software JuxtaComm requested and remains willing to produce any additional versions, releases, or installation guides that JuxtaComm identifies. Lawson, however, is not obligated to provide "consultative services" to JuxtaComm and thus be exposed to informal interactions with an adverse party outside of a formal deposition—and again, JuxtaComm cites no authority in support of this demand.

While JuxtaComm never noticed a deposition regarding these "emergency" issues, it did notice a Rule 30(b)(6) deposition regarding the operation of the accused products and took the deposition of a Lawson technologist for two days. JuxtaComm never asked for another deposition and never asked Lawson's designee about its supposed installation issues. JuxtaComm's belated and burdensome demand for special "operational testing environments" and "consultative services" are unwarranted and unsupported and should be denied.

## IV.  CONCLUSION

For all of the forgoing reasons, JuxtaComm's motion should be denied.

---

[12] *See* Exh. 2 (June 22, 2011 letter from Lawson's counsel enclosing supplemental production and addressing software issues).

Dated: October 21, 2011    Respectfully submitted,

By: ___/s/ *Mark N. Reiter*___
   Mark. N. Reiter

Josh A. Krevitt
Paul E. Torchia
Steven M. Kalogeras
Gibson Dunn & Crutcher - NYC
200 Park Ave., 48th Floor
New York, NY 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
jkrevitt@gibsondunn.com
ptorchia@gibsondunn.com
skalogeras@gibsondunn.com

Mark N. Reiter
Texas Bar No. 16759900
Mandy Pezzano
Texas Bar No. 24074886
Gibson Dunn & Crutcher – Dallas
2100 McKinney Avenue
Suite 1100
Dallas, TX 75201-6912
Telephone: (214) 698-3100
Facsimile: (214) 571-2900
mreiter@gibsondunn.com
mpezzano@gibsondunn.com

Otis W. Carroll, Jr.
Texas Bar No. 03895700
Ireland Carroll & Kelley
6101 S. Broadway
Suite 500
Tyler, TX 75703
Telephone: 903.561.1600
Facsimile: 903.581.1071
Fedserv@icklaw.com

ATTORNEYS FOR DEFENDANTS
LAWSON SOFTWARE, INC. AND
LAWSON SOFTWARE AMERICAS, INC.

**CERTICATE OF SERVICE**

I certify that the foregoing document was filed electronically on October 21, 2011 pursuant to Local Rule CV-5(a), and has been served on all counsel of record who have consented to electronic service.

                                           */s/ Mark N. Reiter*
                                           Mark N. Reiter