# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| JUXTACOMM-TEXAS SOFTWARE, LLC,<br><br>             Plaintiff<br><br>v.<br><br>AXWAY, INC. ET AL.,<br><br>             Defendants | § § § § § § § § § § § § § § §   CIVIL ACTION NO. 6:10-CV-011-LED<br><br>JURY DEMANDED |

### DATAFLUX'S MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT

**TABLE OF CONTENTS**

                                                                     **Page**

I. STATEMENT OF The ISSUE TO BE DECIDED ............................................................. 1

II. STATEMENT OF UNDISPUTED MATERIAL FACTS .................................................. 1

III. SUMMARY JUDGMENT STANDARD........................................................................... 4

IV. ARGUMENT..................................................................................................................... 6

## **TABLE OF AUTHORITIES**

**Page**

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ................................................................... 4
*Biovail Corp. Int'l v. Andrix Pharms. Inc.*, 239 F.3d 1297 (Fed. Cir. 2001) .................................. 6
*Carroll Touch, Inc. v. Electro Mech. Sys., Inc.*, 15 F.3d 1573 (Fed. Cir. 1993) ............................. 6
*Celotex Corp. v. Cattrett*, 477 U.S. 317 (1986) ......................................................................... 5, 7
*Eason v. Thaler*, 73 F.3d 1322 (5th Cir. 1996) ............................................................................. 5
*E-Pass Techs., Inc. v. 3Com Corp*, 473 F.3d 1213 (Fed. Cir. 2007) ............................................. 8
*GTX Corp. v. Kofax Image Prods. Inc.*, 571 F. Supp. 2d 742 (E.D. Tex. 2008) (Davis, J.)........... 6
*J.T. Eaton & Co. v. Atlantic Paste & Glue Co.*, 106 F.3d 1563 (Fed. Cir. 1997) ......................... 8
*Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed. Cir. 1995) ....................................... 6
*Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574 (1986) .............................................. 5
*PA Advisors, LLC v. Google, Inc.*, 706 F. Supp. 2d 739 (E.D. Tex. 2010) (Rader, J.) ................. 7
*Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455 (5th Cir. 1998) ................................................... 5
*Rice v. Honeywell Int'l, Inc.*, 494 F. Supp. 2d 487 (E.D. Tex. 2007) (Davis, J.) .......................... 6
*TechSearch, L.L.C. v. Intel Corp.*, 286 F.3d 1360 (Fed. Cir. 2002) .............................................. 6
*Warner-Jenkinson Co., Inc. v. Hilton Davis Chem. Co.*, 520 U.S. 17 (1997) ............................... 7

**Rules**

Fed. R. Civ. P. 56(a) ....................................................................................................................... 4
Fed. R. Civ. P. 56(e)(2) .................................................................................................................. 5

Defendant DataFlux Corporation moves for summary judgment of noninfringement. The asserted claims of the '662 patent require a "metadata database" for storing logical import and export interfaces, data transformation rule sets, and scripts. However, there is no evidence showing that such a metadata database is present in the accused DataFlux products. Specifically, JuxtaComm's technical expert Dr. Rudd has failed to present *any* evidence that the DataFlux Unified Repository—the supposed "metadata database" in the accused products—stores logical import and export interfaces, data transformation rule sets, or scripts. Because JuxtaComm has not met its burden to show that this claim element is found in the accused DataFlux products, summary judgment of noninfringement should be granted.

## I. STATEMENT OF THE ISSUE TO BE DECIDED

1. Whether DataFlux is entitled to summary judgment of noninfringement because there is no evidence from which a reasonable jury could find that the DataFlux Unified Repository stores logical import and export interfaces, data transformation rule sets, and scripts?

## II. STATEMENT OF UNDISPUTED MATERIAL FACTS

Dr. Rudd has opined that certain DataFlux products infringe claims 1–10 and 17–19 of U.S. Patent No. 6,195,662.[1] Limitation b) of independent claim 1 requires a "metadata database for storing logical import and export data interfaces, data transformation rule sets, and scripts."[2] Dr. Rudd does not distinguish between his claim 1 analysis of the "metadata database" limitation and independent claim 17's "metadata database"; instead, his claim 17 analysis simply cross-references without comment his earlier analysis from claim 1.[3]

---

[1] Initial Expert Report of Walter G. Rudd on DataFlux Corp.'s Products at 28–29 (Ex. 1) (hereafter, "Rudd Initial DataFlux Report"). The accused DataFlux products are DataFlux Integration Server, DataFlux Enterprise Integration Server, DataFlux Standard Integration Server, and DataFlux Integration Server for SAS, when combined with dfPower Studio, dfPower Navigator, dfPower Profile, and dfPower Architect. *Id.*

[2] '662 patent at 9:8–10 (Ex. 3). Asserted claims 2–10 all depend directly or indirectly from claim 1. Limitation b) of independent claim 17 similarly requires a "metadata database."

[3] Rudd Initial DataFlux Report at Exhibit E, p. 38 (Ex. 2) (stating, for claim 17 limitation b), "See claim 1b …"). Claim 17 recites "executable code for providing a script processor for utilizing metadata from a metadata

In the body of his report, Dr. Rudd alleges that the metadata database limitation is satisfied by the "DataFlux Unified Repository" component of the accused products, stating:

> The DataFlux unified repository stores logical data interfaces, data transformation rule sets, and scripts. It is a metadata database. The logical import and export interfaces, data transformation rule sets, and scripts that are saved in a metadata database can each be reused in other jobs.[4]

However, Dr. Rudd does not provide any evidentiary citations or support for this conclusory statement, except at pages 28–30 of the Exhibit E claim chart attached to his report. Pages 28–30, however, only cite a total of three pages of DataFlux documentation (each from a separate document) to support Dr. Rudd's opinion that the DataFlux Unified Repository satisfies the "metadata database" limitation. For the reasons discussed below, these three pages of DataFlux documentation do not support Dr. Rudd's conclusory statement or his opinion.[5]

Because the claims require the "metadata database" to store the "logical import and export data interfaces, data transformation rule sets, and scripts,"[6] JuxtaComm must show that the DataFlux Unified Repository (the alleged "metadata database") stores the logical import/export interface, data transformation rule set, and script items. Dr. Rudd opines that the "logical import and export interfaces," "data transformation rule sets," and "scripts" claim elements are satisfied by the following items of the accused DataFlux products:

- <u>Logical Import/Export Interfaces:</u> "[C]onfigurations of the Data Source node, the Data Target node, the SQL Query node, the SAS SQL Query node, the Text File Input node, the Text File Output node, the Fixed Width

---

database to control data transformation within said systems interface and movement of said data into and out of said distribution system." *Id.* at 10:46–51. Claims 18–19 depend directly or indirectly from claim 17, and claim 18 further recites that "the metadata database stores logical import and export data interfaces, data transformation rule sets and scripts executed by the script processor." *Id.* at 10:55–58.

[4] Rudd Initial DataFlux Report at 30 (Ex. 1); *see also* Rudd Initial DataFlux Report at Exhibit E, pp. 26–28 (Ex. 2) (claim chart asserting same).

[5] *See* Rudd Initial DataFlux Report at Exhibit E, pp. 26–28 (Ex. 2).

[6] Specifically, the claims require the metadata database to store logical import and export interfaces, data transformation rule sets, and scripts defined by the "systems interface." *See* '662 patent at 9:4–10 (Ex. 3).

> File Input node, the Fixed Width File Output node, the External Data Provider node, the SAS Data Set node, and the SAS Data Target node."[7]

- <u>Data Transformation Rule Sets:</u> "Java code in a Java node, schemes, standardization definitions, and expressions."[8]

- <u>Scripts:</u> "Jobs … defined using the dfPower Architect interface" for the accused products.[9]

As mentioned above, Dr. Rudd only cites a total of three pages of DataFlux documentation (each from a separate document) to support his opinion that the DataFlux Unified Repository stores the alleged logical import/export interface, data transformation rule set, and script items and is a "metadata database."[10] The first page is a figure from a marketing-style symposium presentation illustrating components of the accused DataFlux products, and showing the DataFlux Unified Repository as one component.[11] It does not show what is stored in the DataFlux Unified Repository.[12] Indeed, Dr. Rudd admitted this at his deposition, confirming this figure was a "high level marketing kind of picture" that does not indicate what is stored in the DataFlux Unified Repository.[13]

The other two pages cited by Dr. Rudd are from two completely different documents and do not mention the DataFlux Unified Repository at all—and, as a result, similarly make no mention of what is stored by the DataFlux Unified Repository.[14] Dr. Rudd confirmed this as

---

[7] Rudd Initial DataFlux Report at 29 (Ex. 1); *see also* Rudd Initial DataFlux Report at Exhibit E, pp. 12–19 (Ex. 2).

[8] Rudd Initial DataFlux Report at 30 (Ex. 1); *see also* Rudd Initial DataFlux Report at Exhibit E, pp. 19–22 (Ex. 2).

[9] Rudd Initial DataFlux Report at 30 (Ex. 1); *see also* Rudd Initial DataFlux Report at Exhibit E, pp. 22–26 (Ex. 2).

[10] *See* Rudd Initial DataFlux Report at Exhibit E, pp. 26–28 (Ex. 2).

[11] *Id.* at p. 27; *see also* Exhibit 12 to Rudd Deposition at JXTS001724476 (Ex. 4).

[12] *Id.*

[13] Deposition of Walter G. Rudd, Oct 20, 2011 ("Rudd Deposition") at 228:16–229:16 (Ex. 5).

[14] *See* Exhibit 15 to Rudd Deposition at SAS 00003995 (Ex. 6); Exhibit 16 to Rudd Deposition at SASJX002332026 (Ex. 7).

well at his deposition, testifying that neither of these two pages mentioned the DataFlux Unified Repository.[15] Further, Dr. Rudd's report does not attempt to tie or relate either of these two pages to the unrelated, separate figure showing the DataFlux Unified Repository. Instead, the totality of his "analysis" is first cutting and pasting the marketing document figure and pointing to its DataFlux Unified Repository component, followed by excerpting discussions from two pages of two completely different documents that Dr. Rudd admits do not mention the DataFlux Unified Repository.[16]

Thus, Dr. Rudd does not cite any evidence, much less perform any analysis, about what is stored in the DataFlux Unified Repository. Thus, there is no evidence that this repository stores the logical import and export interfaces, data transformation rule set, or script items and, hence, is a "metadata database."

### III. SUMMARY JUDGMENT STANDARD

Summary judgment is proper when the pleadings, discovery, and affidavits indicate there is "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those affecting the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is genuine if the evidence could lead a reasonable jury to find for the non-moving party. *Id.* In determining whether a genuine issue for trial exists, the court views all inferences drawn from the factual record in the light most favorable to the non-moving party. *Id.* at 255; *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

---

[15] Rudd Deposition at 229:20–232:6 (Ex. 5) (testifying that these two pages do not mention the DataFlux Unified Repository).

[16] *See* Rudd Initial DataFlux Report at Exhibit E, pp. 26–28 (Ex. 2).

There is no genuine issue of material fact "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co.*, 475 U.S. at 587. As the movant, DataFlux bears the initial burden of demonstrating the absence of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986). As the non-movant, JuxtaComm must then go beyond the pleadings and, by its own discovery and affidavits, "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); *see also Matsushita Elec. Indus. Co.*, 475 U.S. 586; *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). In doing so, JuxtaComm must present "sufficient evidence . . . for a jury to return a verdict" in its favor. *Anderson*, 477 U.S. at 249.

"Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Id.* at 248. Mere conclusory allegations, unsubstantiated assertions, improbable inferences, and unsupported speculation do not create genuine issues of material fact. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996); *GTX Corp. v. Kofax Image Prods. Inc.*, 571 F. Supp. 2d 742, 747 (E.D. Tex. 2008) (Davis, J.) (citing *TechSearch, L.L.C. v. Intel Corp.*, 286 F.3d 1360, 1372 (Fed. Cir. 2002)).

Patent infringement is a two-step analysis. First, the court construes the meaning of disputed claim terms as a matter of law. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995). Second, the construed claims are compared to the allegedly infringing device, which is a question of fact. *Biovail Corp. Int'l v. Andrix Pharms. Inc.*, 239 F.3d 1297, 1300 (Fed. Cir. 2001). As the patentee, JuxtaComm must show by a preponderance of the evidence that each claim limitation is found, literally or equivalently, in the accused device. *See Carroll Touch, Inc. v. Electro Mech. Sys., Inc.*, 15 F.3d 1573, 1578−79 (Fed. Cir. 1993).

On a motion for summary judgment of noninfringement, "conflicting arguments as to whether a claim limitation is or is not present in the accused device" does not, itself, create a genuine issue of material fact or prevent summary judgment. *See Rice v. Honeywell Int'l, Inc.*, 494 F. Supp. 2d 487, 489−91 (E.D. Tex. 2007) (Davis, J.). Instead, the proper inquiry is "whether a reasonable jury could find that [each] claim limitation as construed by the Court is found in the accused device" based on the summary judgment record. *Id.* at 489, 491. "[A]lthough the comparison of the claims to the accused system is a fact question, summary judgment may be granted if no reasonable jury could find infringement." *PA Advisors, LLC v. Google, Inc.*, 706 F. Supp. 2d 739 (E.D. Tex. 2010) (Rader, J.) (citing *Warner-Jenkinson Co., Inc. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 39 n.8 (1997)).

## IV.  ARGUMENT

JuxtaComm bears the initial burden of making a "showing sufficient to establish the existence of an element essential" to its case.[17] To meet this burden, JuxtaComm must present at least *some* evidence from which a reasonable jury could conclude that the DataFlux Unified Repository (the alleged "metadata database") stores logical import and export interfaces,[18] data transformation rule sets,[19] and scripts.[20] Here, however, JuxtaComm has not done so. As shown by the bare three pages of DataFlux documentation that Dr. Rudd cites and his own deposition testimony (as well as his lack of analysis), there is no evidence that this repository stores the

---

[17] *Celotex v. Catrett*, 477 U.S. 317, 323 (1986).

[18] According to Dr. Rudd, "configurations of the Data Source node, the Data Target node, the SQL Query node, the SAS SQL Query node, the Text File Input node, the Text File Output node, the Fixed Width File Input node, the Fixed Width File Output node, the External Data Provider node, the SAS Data Set node, and the SAS Data Target node" are logical import and export interfaces. *See* Section II, *supra*. Hence, Dr. Rudd must present some evidence that these are stored in the DataFlux Unified Repository to survive summary judgment of noninfringement.

[19] According to Dr. Rudd, "Java code in a Java node, schemes, standardization definitions, and expressions" are data transformation rule sets. *See* Section II, *supra*. Hence, Dr. Rudd must present some evidence that these are stored in the DataFlux Unified Repository to survive summary judgment of noninfringement.

[20] According to Dr. Rudd, "jobs … defined using the dfPower Architect interface" are scripts. *See* Section II, *supra*. Hence, Dr. Rudd must present some evidence that these are stored in the DataFlux Unified Repository to survive summary judgment of noninfringement.

logical import and export interfaces, data transformation rule sets, and scripts—items that the repository must store to be a "metadata database" as claimed.

"[I]t is hornbook law that to survive the defendants' motions for summary judgment, [the patentee] must make a showing sufficient to establish the existence of each element essential to its case." *E-Pass Techs., Inc. v. 3Com Corp*, 473 F.3d 1213, 1222 (Fed. Cir. 2007) (internal quotation marks omitted); *J.T. Eaton & Co. v. Atlantic Paste & Glue Co.*, 106 F.3d 1563, 1570-71 (Fed. Cir. 1997) (To survive summary judgment, a plaintiff claiming infringement "must present proof that the accused product meets each and every claim limitation."). Each of asserted claims 1–10 and 17–19 requires a "metadata database." Because Dr. Rudd fails to present *any* evidence that the DataFlux Unified Repository is a "metadata database"—much less evidence sufficient for a reasonable jury to reach this conclusion—summary judgment of noninfringement should be granted.

| | |
|---|---|
| November 9, 2011 | Respectfully submitted,<br><br>/s/ Hilda Galvan<br>Hilda C. Galvan<br>Lead Attorney<br>Texas State Bar No. 00787512<br>Email: hcgalvan@jonesday.com<br>Keith B. Davis<br>Texas State Bar No. 24037895<br>Email: kbdavis@jonesday.com<br>Chijioke E. Offor<br>Texas State Bar No. 24065840<br>Email: ceoffor@jonesday.com<br>JONES DAY<br>2727 North Harwood Street<br>Dallas, TX 75201-1515<br>Telephone: (214) 220-3939<br>Facsimile: (214) 969-5100<br><br>ATTORNEYS FOR DEFENDANTS SAS INSTITUTE INC. AND DATAFLUX CORPORATION |

- 9 -

## CERTIFICATE OF SERVICE

I certify that this document was filed electronically pursuant to Local Rule CV-5(a) on November 9, 2011.  Pursuant to Local Rule CV-5(a)(3)(A), this electronic filing acts to electronically serve all counsel who have consented to electronic service via the Court's CM/ECF system.  Exhibits 1,2, 5, 6, and 7 to the foregoing document, are filed under seal and was served on all counsel of record via email on November 9, 2011.

/s/ Hilda C. Galvan

## CERTIFICATE OF AUTHORITY TO SEAL

The undersigned hereby certifies that under Local Rule CV-5(a)(7)(A), Exhibits 1, 2, 5, 6 and 7 to the foregoing document are filed under seal pursuant to the Protective Order entered in this case.

/s/ Hilda C. Galvan