**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| JUXTACOMM-TEXAS SOFTWARE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>AXWAY, INC.,<br>BRITISH AIRWAYS PLC,<br>DATAFLUX CORPORATION,<br>IONA TECHNOLOGIES LIMITED,<br>INSIGHT ENTERPRISES, INC.,<br>LAWSON SOFTWARE, INC.,<br>LAWSON SOFTWARE AMERICAS, INC.,<br>L'OCCITANE, INC.,<br>MAGIC SOFTWARE ENTERPRISES, INC.,<br>MAGIC SOFTWARE ENTERPRISES LTD.,<br>OFFICE DEPOT, INC.,<br>PERVASIVE SOFTWARE, INC.,<br>PROGRESS SOFTWARE CORPORATION,<br>RED HAT, INC.,<br>RICOH AMERICAS CORPORATION,<br>ROTECH HEALTHCARE, INC.,<br>SAS INSTITUTE, INC.,<br>SCHENKER, INC.,<br>SECO TOOLS, INC.,<br>SONIC SOFTWARE CORPORATION,<br>TIBCO SOFTWARE INC., and<br>VITRIA TECHNOLOGY, INC.,<br><br>Defendants. | Civil Action No. 6:10-CV-00011 (LED)<br><br>JURY TRIAL DEMANDED |

**TIBCO SOFTWARE INC.'S MOTION FOR LEAVE TO AMEND ANSWER AND
COUNTERCLAIMS**

**I. INTRODUCTION**

Defendant TIBCO Software Inc. ("TIBCO") moves to amend its First Amended Answer, Defenses, and Counterclaims to JuxtaComm-Texas Software, LLC ("JuxtaComm")'s First Amended Complaint to add a single affirmative defense of absolute intervening rights. As the

- 1 -

US_ACTIVE-107713983.2

- 2 -

Federal Circuit recently clarified in *Marine Polymer Techs., Inc. v. Hemcon, Inc.*, No. 2010–1548, 2011 WL 4435986 (Fed. Cir. Sept. 26, 2011), the defense of absolute intervening rights may apply where claim scope is changed during re-examination, irrespective of whether the claim language itself was amended. That is precisely what happened here.

As the Court may recall, one of the issues in dispute during the claim construction proceedings in *JuxtaComm Tech. Inc. v. Ascential Software Corp. et al.*, 2:07-CV-00359-LED ("*JuxtaComm I*") was whether the claimed "rule set processor" and "script processor" in the '662 patent were separate components. Defendants in *JuxtaComm I* argued that they were separate components, whereas JuxtaComm argued that the claimed "rule set processor" and "script processor" need not be separate and distinct. The Court agreed with JuxtaComm and found that the "rule set processor" and "script processor" did not have to be separate and distinct components.

Subsequently, the USPTO confronted these claim terms during the first re-examination of the '662 patent while considering the InfoPump and DAISy prior art references. In particular, the USPTO distinguished those references because it found they did not disclose separate "rule set" and "script" processors. In fact, this was the only reason the USPTO identified for finding independent claim 17 patentable over InfoPump, and for finding claims 1–12 and 17–19 patentable over DAISy. Thus, because the scope of the claims changed during the re-examination, as the Federal Circuit recognized in *Marine Polymer*, absolute intervening rights is applicable.

Good cause exists to allow TIBCO to amend its Answer and Counterclaims. The Federal Circuit's *Marine Polymer* decision issued on September 26, 2011—after the deadline for the parties to amend their pleadings. TIBCO's request is made in good faith and not for any dilatory

purpose. Finally, JuxtaComm cannot show that the TIBCO's proposed Amended Answer and Counterclaims[1] will result in any undue prejudice to the prosecution or defense of its case. For example, there is no additional fact discovery that will be necessary. Accordingly, TIBCO respectfully requests that the Court grant leave to amend its Answer and Counterclaims.

## II. FACTUAL BACKGROUND

TIBCO's proposed amendment emanates from the change of the scope of the claims during the first re-examination of the '662 Patent (SN 90-010,526). During claim construction in *JuxtaComm I*, the parties disputed whether the claimed "rule set processor" and "script processor" had to be separate and distinct. Defendants argued that these processors had to be separate components[2], whereas JuxtaComm took the position that these processors did not have to be separate or distinct.[3] On July 13, 2009, the Court issued its Memorandum Opinion and Order in *JuxtaComm I* construing the claims. The Court agreed with JuxtaComm, finding that these processors did not have to be separate or distinct.[4]

Subsequently, on August 31, 2009, the PTO granted defendant Microsoft Corporation's

---

[1] Pursuant to Local Rule CV-7(k), TIBCO's proposed Second Amended Answer, Defenses, and Counterclaims to JuxtaComm-Texas Software, LLC's First Amended Complaint is attached to the Declaration of Eric L. Toscano in Support of Defendants' Motion for Leave to Amend Answers and Counterclaims ("Toscano Decl.") as Exhibit A.

[2] Toscano Decl. Ex. B (Defs.' Jan. 8 2009 Responsive Claim Construction Br. in *JuxtaComm I*, Dkt. No. 393, at 16–17).

[3] *Id.* Ex. C (JuxtaComm Technologies, Inc.'s Dec. 8, 2008 Opening Claim Construction Br. in *JuxtaComm I*, Dkt. No. 360, at 7–9, 13–14).

[4] *Id.* Ex. D (July 13, 2009 Memorandum Opinion in *JuxtaComm I*, Dkt. No. at 13 ("Although the claim sets forth 'script processor' and 'rule set processor' as separate claim limitations, such a recitation does not require them to be separate physical components . . . . Nothing in the intrinsic evidence indicates that the two processors, admitted to be software, cannot be folded together and implemented as a single module. While the system functional diagram of Fig. 2 relied upon by Defendants shows the processors as separate functional blocks, the depiction does not restrict an implementation of the system to separate components or modules.")).

request to re-examine the '662 patent, finding substantial new questions of patentability for all claims of the '662 patent based on prior art, including the InfoPump and DAISy references.[5] In its next office action, dated December 16, 2009, however, the PTO distinguished InfoPump and DAISy on the grounds they did not disclose separate "rule set" and "script" processors.[6] Indeed, this was the only reason the PTO identified for finding independent claim 17 patentable over InfoPump, and for finding claims 1–12 and 17–19 patentable over DAISy.[7]

Meanwhile, JuxtaComm initiated this Action and the Court entered a Docket Control Order, including a deadline for the parties to amend their pleadings, September 12, 2011. After the deadline for amending pleadings in this action passed, the Federal Circuit issued its decision in *Marine Polymer* which clarified that an absolute intervening rights defense may apply based on changes in claim scope during re-examination, regardless of whether the claim language itself changed. *Marine Polymer Techs., Inc. v. Hemcon, Inc.*, No. 2010–1548, 2011 WL 4435986 (Fed. Cir. Sept. 26, 2011) (holding absolute intervening rights applied where actual claim language was not amended during re-examination, but claim scope changed during re-examination). Accordingly, TIBCO now requests a single modification to its Answer and Counterclaims: adding an affirmative defense of absolute intervening rights.[8]

### III. LEGAL BACKGROUND

Once a scheduling order deadline to amend a pleading has expired, the party seeking to

---

[5] Toscano Decl. Ex. E (July 31, 2009 Order Granting Request for Ex Parte Reexamination in SN 90/010,526, at 6–7).

[6] *Id.* Ex. F (Dec. 16, 2009 Office Action in SN 90/010,526, at 3–10).

[7] *Id.*

[8] *See* Toscano Decl. Ex. A, at 21 ¶ 35 ("JuxtaComm's claims are barred or otherwise limited by the doctrine of absolute intervening rights under 35 U.S.C. §§ 252, 307").

amend is effectively asking the court for leave to amend both the scheduling order and the pleading.

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order "may be modified only for good cause . . . ." The good cause standard requires the party seeking relief to show that, despite its exercise of diligence, it cannot reasonably meet the scheduling deadline. *S & W Enters., L.L.C. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535 (5th Cir. 2003).

Federal Rule of Civil Procedure Rule 15(a)(2) provides that a party may amend its pleadings with leave of court, and that a court "should freely give leave when justice so requires." If the movant satisfies the requirements of Rule 16(b)(4), the court must then determine whether to grant leave to amend under Rule 15(a). *See Re/Max Int'l Inc.*, 655 F. Supp. 2d at 696 (internal citations omitted). A longstanding decision by the Supreme Court emphasizes that, "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Bamm, Inc. v. GAF Corp.*, 651 F.2d 389, 391 (5th Cir. 1981) (quoting *Forman* and finding the trial court abused its discretion by refusing to allow the plaintiff to amend its complaint). Prejudice to the opposing party is the most important factor regarding leave to amend: "if the court is persuaded that no prejudice will accrue, the amendment should be allowed." *See* Wright & Miller, Fed. Prac. & Proc. § 1487 (2010). Further, the Fifth Circuit has stated that Rule 15(a) "evinces a bias in favor of granting leave to amend." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000).

Courts in this District have granted motions for leave to amend after the deadline for

amending pleadings. *See*, *e.g.*, *Vision Advancement, LLC v. Johnson & Johnson Vision Care, Inc.*, 2007 WL 865699, at *1–3 (E.D. Tex. 2007) (finding good cause where defendant learned of facts supporting inequitable conduct claim after deadline for amending pleadings had passed); *Crouch v. J.C. Penney Corp., Inc.*, 2007 WL 1100461, at *1–2 (E.D. Tex. 2007) (finding good cause to amend answer to assert affirmative defense after deadline for amending pleadings even where court was "not convinced that it was necessary to complete all discovery" for defendant to determine applicability of affirmative defense).

## IV. ARGUMENT

### A. Good Cause Exists For Amending The Docket Control Order Because The Doctrine Of Absolute Intervening Rights, As Clarified By *Marine Polymer*, Bars Or Otherwise Limits JuxtaComm's Infringement Claims, And Because *Marine Polymer* Was Not Decided Until After The Deadline For The Parties To Amend Their Pleadings Had Passed.

TIBCO's proposed amendment to its Answer and Counterclaims was prompted by the Federal Circuit's recent ruling in *Marine Polymer Techs., Inc. v. Hemcon, Inc.*, No. 2010–1548, 2011 WL 4435986 (Fed. Cir. Sept. 26, 2011). In that case, the Federal Circuit adopted the view that if the scope of claims in a patent is "substantively changed," then "the claims have been amended by disavowal or estoppel, and intervening rights apply." *See Marine Polymer*, at *5.

Here, as noted, during claim construction in *JuxtaComm I*, JuxtaComm argued that the claimed "rule set processor" and "script processor" did not have to be separate and distinct and the Court agreed. During the first reexamination of the '662 Patent, however, the PTO distinguished the InfoPump and DAISy prior art references on the grounds they did not disclose separate "rule set" and "script" processors. This was the only reason the PTO identified for finding independent claim 17 patentable over InfoPump, and for finding claims 1–12 and 17–19

patentable over DAISy.

Because the scope of the claims of the '662 Patent changed during the first re-examination, JuxtaComm's infringement claims against Defendants are barred or otherwise limited by absolute intervening rights.

Pursuant to the Docket Control Order[9], September 12, 2011 was the deadline for the parties to amend their pleadings after the *Markman* hearing. *Marine Polymer* was not decided until September 26, 2011. Accordingly, good cause exists for TIBCO's proposed amendment.

### B. JuxtaComm Will Not Be Unduly Prejudiced If TIBCO Amends Its Answer And Counterclaim, And The Amendment Is Not Sought For Any Dilatory Purpose Or In Bad Faith.

JuxtaComm cannot demonstrate that it will suffer any undue prejudice if the TIBCO amends its Answer and Counterclaims. As noted, *supra*, TIBCO's proposed amendment consists of the addition of a single affirmative defense based on the doctrine of absolute intervening rights, as clarified in *Marine Polymer*. The resolution of the application of the absolute intervening rights defense is a question of law and no additional fact discovery will be necessary in connection with this defense.

Additionally, TIBCO's proposed addition of an affirmative defense based on intervening rights is not for any dilatory purpose and is sought in good faith. The Federal Circuit ruled on *Marine Polymer* just over a month ago. TIBCO promptly sought leave to amend its Answer and Counterclaims in good faith.

## V. CONCLUSION

Good cause exists for the TIBCO's proposed amendment to its Answer and

---
9 *See* Dkt. No. 289, at 3.

Counterclaims in that the doctrine of absolute intervening rights, as clarified by *Marine Polymer*, bars or otherwise limits JuxtaComm's claims of infringement against Defendants; and *Marine Polymer* was not decided until after the deadline for the parties to amend their pleadings under this Court's Docket Control Order.  JuxtaComm will not suffer any undue prejudice as a result of the proposed amendment TIBCO seeks.  Additionally, TIBCO is not seeking the proposed amendment for purposes of delay or bad faith.  Accordingly, this Court should grant TIBCO's Motion and permit TIBCO to amend its Answer and Counterclaims to assert an affirmative defense based on the doctrine of absolute intervening rights.

DATED this 11th day of November, 2011.

*/s/ Eric L. Toscano*

Scott D. Baker (*Pro Hac Vice*)
John P. Bovich (*Pro Hac Vice*)
Adaline J. Hilgard (*Pro Hac Vice*)
Jonah D. Mitchell (*Pro Hac Vice*)
Eric L. Toscano (*Pro Hac Vice*)
**REED SMITH LLP**
101 Second Street, Suite 1800
San Francisco, CA 94105-3659

| | |
|---|---|
| Telephone: | +1 415 543 8700 |
| Facsimile: | +1 415 391 8269 |
| Email: | sbaker@reedsmith.com |
| Email: | jbovich@reedsmith.com |
| Email: | ahilgard@reedsmith.com |
| Email: | jmitchell@reedsmith.com |
| Email: | etoscano@reedsmith.com |

Trey Yarbrough (SBN 22133500)
Debra Elaine Gunter (SBN 24012752)
**YARBROUGH WILCOX, PLLC**
100 E. Ferguson, Ste. 1015
Tyler, TX 75702

| | |
|---|---|
| Telephone: | +1 903 595 3111 |
| Facsimile: | +1 903 595 0191 |
| Email: | trey@yw-lawfirm.com |
| Email: | debby@yw-lawfirm.com |

*Counsel for Defendant TIBCO Software Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed via CM/ECF and was served upon all counsel of record via CM/ECF on November 11, 2011.

                                                                                                                  Eric L. Toscano

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(i), the undersigned certify that (1) counsel have complied with the meet and confer requirement in Local Rule CV-7(h); and (2) this Motion is opposed. On October 25, 2011, Jonah D. Mitchell, counsel for Defendant TIBCO, sent a letter to R. Laurence Macon, counsel for Plaintiff JuxtaComm, stating that TIBCO intended to amend its Answer and Counterclaims to add an absolute intervening rights defense under 33 U.S.C. Sections 252 and 307. On October 31, 2011, Mr. Mitchell sent another letter addressed to Melanie Cowart, counsel for JuxtaComm, providing the factual and legal bases for TIBCO's proposed amendment. On November 2, 2011, Ms. Cowart sent an email to all defense counsel stating that JuxtaComm would oppose the motions for leave to amend that TIBCO was proposing to file. On November 10, 2011, Trey Yarbrough, local counsel for TIBCO, held a telephonic conference with Johnny Ward, local counsel for JuxtaComm, and Ms. Cowart. The parties further discussed TIBCO's intention to file a motion for leave to amend. Counsel for JuxtaComm again indicated it would oppose the motion. The conference conclusively ended in an impasse, leaving an open issue for the Court to resolve.

                                                                               */s/ Trey Yarbrough*
                                                                               Trey Yarbrough