IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **JUXTACOMM-TEXAS SOFTWARE, LLC,** § § § **Plaintiff** § § **vs.** § § **AXWAY, INC., et al.,** § § **Defendants** § § | **CASE NO.  6:10CV11** **PATENT CASE** |

**ORDER**

Before the Court is Defendants SAS and Dataflux's (collectively "SAS") Motion To Recuse Under Local Rule CV-63(d) (Doc. No. 910).  The Court held a hearing on November 30, 2011, and **DENIED** Defendants' motion contingent on Plaintiff Juxtacomm-Texas Software, LLC's ("Juxtacomm") withdrawal of its Notice of Affiliation (Doc. No. 769) and continued screening of former Magistrate Judge Everingham from the case. The Court now memorializes the basis for its decision.

**BACKGROUND**

Former Magistrate Judge Charles Everingham IV ("Mr. Everingham") recently left the Eastern District bench and re-entered private practice as a partner with Juxtacomm's litigation counsel, Akin Gump.  Shortly thereafter, Juxtacomm filed a "Notice of Affiliation" with the Court, announcing that Mr. Everingham had joined Akin Gump, would be consulting on this case, but would not make a formal  "appearance" in the case.   Juxtacomm  maintained that under its interpretation of Local Rule CV-63, so long as Mr. Everingham did not make an "appearance" in this case prior to October 1, 2012 (one year after he left the bench), he remained free to "consult"

on the case. *Id.*

SAS voiced its concern with Juxtacomm. SAS argued that the filing of the notice triggered the recusal requirement of Local Rule CV-63(d). *See* Doc. No. 910, Ex. 2. SAS contended that the notice was a transparent attempt to circumvent the rule. *Id.* Juxtacomm refused to withdraw the notice and suggested that SAS file a motion to recuse, if it disagreed. Doc. No. 910, Ex. 6. At all times, however, Juxtacomm continued to screen Mr. Everingham from the case pending final disposition of the recusal dispute. *Id.* SAS subsequently filed the instant motion to recuse, and on November 30, 2011, the Court held a hearing on the recusal motion.

## ANALYSIS

Local Rule CV-63(d) was adopted by the Eastern District in 2011 and provides:

> (d) **Recusal When Former Judge of this District Appears as Counsel.** For a period of one year after the retirement or resignation of a former federal judge of this district, the judges of this court shall recuse themselves in any case in which a former colleague appears as counsel. *See* 28 U.S.C. § 455; Committee on Codes of Conduct Advisory Opinion No. 70.

Juxtacomm contends that the recusal requirement only applies to formal appearances, *i.e.* appearing in court, signing pleadings, etc., and not to merely consulting with the client. SAS argues that the filing of the Notice of Affiliation constituted an "appearance," and to hold otherwise would circumvent the underlying purpose of the rule. Interestingly, at the hearing SAS did not object to Mr. Everingham consulting on the case, but only to Juxtacomm's filing of the Notice advising the Court of this fact.

Local Rule CV-63(d) was adopted by the Eastern District in an effort to avoid any appearance of impropriety resulting from a former judge of this Court appearing before the former judge's colleagues within one year of leaving the bench. While neither side suggests any

impropriety, the Court is nevertheless obliged to avoid any such appearance, be it ever so slight. While consulting with a client does not constitute an actual appearance on behalf of that client, the filing of a Notice of Affiliation with the Court has the same effect of advising the Court that the former colleague is involved in the case and raises the same concerns that a formal appearance would. Put simply, by filing the notice and informing the Court of Mr. Everingham's potential involvement in the case, such notice has the same potential for creating an appearance of impropriety as an actual appearance. Again, it is the filing of the Notice that creates the potential appearance of impropriety which would trigger recusal in this case, not the actual consulting.[1]

Whether or not a former judge should consult with a client on a particular case is an ethical issue for the former judge and his law firm to answer. While it may be relevant to the question of disqualification of counsel, it is not necessarily relevant to the issue of recusal under Local Rule CV-63 when the Court has no knowledge of such consulting. In short, there can be no appearance of impropriety where there is no knowledge of a former judge's consulting in a particular matter. The local rules are not intended to govern whether a former colleague may consult or work on a case. Such consulting or work is governed by the Texas Disciplinary Rules of Professional Conduct and the Court directs counsel to its obligations under those rules.

Juxtacomm has continually screened Mr. Everingham from this case, has agreed to withdraw the Notice of Affiliation and to continue screening him from the case. Accordingly, there is no basis for recusal and the motion is **DENIED.**

---

[1] While in most circumstances full disclosure to the court is advisable, a failure to do so under these circumstances avoids creating an appearance of impropriety based upon the relationship of the sitting judge and former judge. Whether the former judge should notify opposing counsel of such consulting, and what actions opposing counsel should or should not take if notified, are ethical questions which the court does not address in this order.

**So ORDERED and SIGNED this 1st day of December, 2011.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**