**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **JUXTACOMM-TEXAS SOFTWARE, LCC** | § § § | |
| Plaintiff | § § | **CASE NO. 6:10cv11** |
| vs. | § § § | **PATENT CASE** |
| **AXWAY INC., ET AL.** | § § § | |
| Defendants | § | |

**ORDER**

The Court held a hearing on December 7, 2011, and heard argument on various motions in this case. As an initial matter, the parties represented prior to the hearing that Juxtacomm's Motion to Compel (Doc. No. 485) and DataFlux Corporation's Motion to Compel Juxtacomm to Supplement its Infringement Contentions (Doc. No. 487) should be **DENIED AS MOOT**. The Court now memorializes its rulings from the hearing:

- Defendants' Motion to Compel Further Deposition and Responses Regarding Communications with the Patent Office (Doc. No. 460): **DENIED**, with the caveat that Defendants be provided a short deposition with Mr. McKeown not contrary to this Court's ruling.

- Juxtacomm's Motion for Leave to Serve Supplemental Expert Report of Michael Dansky (Doc. No. 666): **GRANTED**;

- TIBCO, Lawson, Iona, Pervasive, Dataflux and Vitria's Motions for Leave to Amend Answer and Counterclaims (Doc. Nos. 847, 852, 858, 861, 865, 876): **GRANTED**;

- Defendants' Joint Motion for Severance Followed by Separate Trials (Doc. No. 853): **DENIED AS MOOT**, without prejudice to refiling once the Court has set a new trial date. The parties are further **ORDERED** to meet and confer and attempt to fashion a trial plan as explained during the hearing.

- Motion to Strike the Damages Report of Michael Dansky and to Preclude

      Juxtacomm from Introducing Damages Expert Testimony Related to Lawson at Trial (Doc. No. 652): **DENIED**;

- Opposed Motion to Amend Docket Control Order (Doc. No. 724): **DENIED AS MOOT**;

- Emergency Motion for Case Management Conference (Doc. No. 738): **DENIED AS MOOT**, without prejudice to refiling should the parties be unable to resolve their differences;

- Emergency Motion for Case Management Conference (Doc. No. 744): **DENIED AS MOOT**, without prejudice to refiling should the parties be unable to resolve their differences;

- TIBCO Motion for Leave for Additional Trial Exhibits (Doc. No. 905): **DENIED AS MOOT**, without prejudice to refiling should the parties be unable to resolve their differences;

In light of the Court's decision to allow Plaintiff to amend its infringement contentions pursuant to Patent Local Rule 3-6, the Court inquired as to the status of various pending summary judgment and *Daubert* motions. The parties indicated that the new contentions will require the parties to reevaluate and alter many of their motions. Accordingly, each moving party agreed that the following motions should be **DENIED AS MOOT**, without prejudice to refiling after analysis of the amended infringement contentions:

- SAS/Dataflux's Motion for Summary Judgment of Invalidity of '662 Patent Claims 1–11 and 14–19 (Doc. No. 445);

- Pervasive's Motion for Summary Judgment of Invalidity of '662 Patent Claims 1–11 and 14–19 (Doc. No. 727);

- Juxtacomm's Motion for Partial Summary Judgment on Defendants' Claims of Inequitable Conduct (Doc. No. 751);

- Juxtacomm's Motion to Strike the Expert Report of David McGoveran (Doc. No. 753);

- Juxtacomm's Motion for Partial Summary Judgment on Defendants' Assertion of 28 U.S.C. §1498(a) "Government Contractor's Defense" (Doc. No. 801);

- Dataflux Corp.'s Motion for Summary Judgment (Doc. No. 802);

- SAS Institute, Inc.'s Motion for Summary Judgment (Doc. No. 805);

- Dataflux Corp.'s Motion to Strike Portions of Rudd Expert Reports (Doc. No. 807);

- Lawson's Motion for Partial Summary Judgment of No Infringement Under the Doctrine of Equivalents (Doc. No. 810);

- Lawson's Motion for Partial Summary Judgment of No Indirect and No Willful Infringement (Doc. No. 813);

- Juxtacomm's Motion to Strike the Report of Craig W. Thompson on Non-infringement and Related Testimony (Doc. No. 814);

- Vitria Technology, Inc.'s Motion for Partial Summary Judgment of No Willfulness and Indirect Infringement and No Actual Notice (Doc. No. 825);

- Vitria Technology, Inc.'s Motion for Summary Judgment of Noninfringement (Doc. No. 831);

- Juxtacomm's Motion to Strike Declaration of Mark Schneider (Doc. No. 923).

During the hearing, Juxtacomm also informed the Court that it was dropping all claims of willful infringement against all Defendants. Accordingly, TIBCO Software Inc.'s Motion for Partial Summary Judgment of No Willful Infringement (Doc. No. 827) was **GRANTED**.

The Court also **DENIED AS MOOT** all parties' motions *in limine* (Doc. Nos. 973, 976, 978, 982, 983, 987) subject to refiling pursuant to the Court's instructions. The Court also indicated that once the Court provides new pretrial and trial settings, the parties are **ORDERED** to meet and confer and submit a new agreed docket control order incorporating the required deadlines. Further, the parties are to incorporate deadlines for the filing of letter briefs pursuant to the Court's standing order.

The Court also **DENIES AS MOOT**, subject to refiling after analysis of Plaintiff's amended contentions, all Defendants' requests for leave to file summary judgment of non-infringement and

motions for summary judgment on the "within said systems interface" term (Doc. Nos. 993, 994, 995, 996, 997, 998, 1000, 1002). Any motions still pending on the Court's docket are taken under advisement and will be ruled upon after **February 1, 2012**, when the Court's temporary stay is lifted.

**So ORDERED and SIGNED this 15th day of December, 2011.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**